## GENTRY *v.* BARRON, administrator.

1. There was no error in allowing the petition in an action upon a promissory note apparently barred by the statute of limitations to be so amended as to allege facts showing that it was not so barred, and, to this end, to set forth a copy of a valid written contract, signed by the defendant, whereby he not only recognized the note as a valid subsisting obligation, but agreed with the plaintiff upon an extension of the time for its payment to a given date, after which less than two years had elapsed before the bringing of the action.

2. That an amendment of this character had been allowed without notice to the defendant afforded no cause for striking the same. If he was surprised upon first learning of its allowance, he was, at most, entitled to no more than a continuance of the case.

3. Evidence supporting the allegations of such an amendment was properly admitted ; nor was there any error in admitting in connection therewith the note sued on, notwithstanding "it appeared on its face to have been barred by the statute of limitations."

4. One who procures an adjudication that an action against him upon a promissory note not under seal was prematurely brought, for the reason that the note was not due and payable until after a designated day which had not arrived before the filing of the plaintiff's petition, is estopped from setting up the statute of limitations in defense to a second action on the same note brought after a dismissal of the first and within less than six years from the day above indicated.

5. It plainly appearing that this case could not have been brought to this court except for delay only, damages are awarded against the plaintiff in error.

Argued October 9, — Decided November 1, 1899.

Complaint.    Before Judge Janes.    Haralson superior court. January term, 1899.

*J. M. McBride, S. L. Craven,* and *Price Edwards,* for plaintiff in error.    *E. S. & E. D. Griffith,* contra.

LUMPKIN, P. J.    It will be seen by reference to the case of *Gentry* v. *Walker,* 101 *Ga.* 123, that the former, in defense to an action upon a promissory note brought against him by the latter, filed a plea setting up that the action had been prema-

turely brought, that the trial court struck this plea, and that its judgment was reversed, this court holding that the allegations of the plea, if true, would constitute a complete defense to the action, it having been brought on January 1, 1895, and the allegations of the defendant's plea showing that the time of payment had been by written agreement extended until November 6, 1895. The record now before us discloses that Walker, in view of the judgment of this court, dismissed his action, but immediately renewed the same. Thereupon Gentry filed an answer setting up that the plaintiff's action was barred by the statute of limitations. On the trial of this issue, the plaintiff introduced evidence establishing beyond controversy the truth of the allegations contained in Gentry's answer to the first action, and a verdict against the latter was directed by the court. He excepted to this, and also to certain rulings made during the trial, the nature of which is sufficiently indicated in the headnotes. While the case was pending here, Walker died, and Barron, his administrator, was made a party defendant in error in his stead.

As will be seen, without discussion, Gentry's special assignments of error are frivolous and entirely without merit. His main contention, viz., that the plaintiff's cause of action was barred by the statute of limitations, is preposterous. He himself procured from this court an adjudication that, upon a given state of facts set up by himself, the plaintiff's original action was prematurely brought, and that upon this state of facts the plaintiff had no right to sue until after the 6th day of November, 1895. It resulted that upon Gentry's own theory the plaintiff had a right to bring his action at any time within six years from the date last mentioned. The action was promptly renewed within this time, which has not even yet expired, and the plaintiff on the trial proved the truth of Gentry's former plea. In the face of this, he deliberately insisted that the present action was brought too late, and not only sought from the trial court a ruling to that effect, but persists in asking this court to hold that, under the evidence as stated, the plaintiff's action was barred, notwithstanding its previous solemn adjudication, invoked by him, to the contrary. Clearly, this is a

case for damages, and they are accordingly awarded to the defendant in error.

*Judgment affirmed, with damages.   All the Justices concurring.*