## LANIER v. OLLIFF.

1. Where the holder of a security deed infected with usury conveys his interest in the land to secure an indebtedness, and confers a power of sale on such transferee, and this latter conveyance also is infected with usury, the original grantor needs no injunction to restrain the exercise of the power, as the same would be void.
2. That a part of a debt represented by a married woman's note is usurious, and part that of her husband, does not relieve her from liability for the portion she herself owes.

Submitted February 13, — Decided March 13, 1903.

Petition for injunction.    Before Judge Evans.    Bulloch superior court.    December 17, 1902.

The petition alleged, in substance : In 1895 J. W. Olliff, the defendant, representing W. W. Olliff, to whom petitioner had given a mortgage on a tract of land owned by her, containing 248 acres, was threatening to foreclose the mortgage, which was for about $800, and, being unable to pay the amount due, she agreed to sell 100 acres of the land to G. R. Johnson for $500, if he would pay $500 on the mortgage and induce the defendant to give her time on the remainder of the debt.    Johnson agreed to do this, and they went together to the defendant and told him of the agreement. The defendant said that the agreement would be satisfactory to him if Johnson would assume the remainder of the debt; which Johnson agreed to do if petitioner would give him, as security, a deed to the remainder of the land.    She consented to this, and Johnson and the defendant prepared the papers and requested her to sign them.    She regarded both of them as her friends and had great confidence in them, and, feeling assured that they would not take advantage of her, left the matter entirely with them, and did not read the deed she signed, and doubtless would not have understood it if she had read it, being ignorant and unskilled in such matters.    She thought she was making a deed to Johnson in fee simple to the 100 acres, on payment by him of the $500 on the mortgage, and a deed to secure the debt on the remaining 148 acres, but has since been informed that the deed was a fee-simple deed to the entire tract.    At the same time she executed and delivered to Johnson six promissory notes, of the aggregate amount of $386.32, and he gave her a bond for title to the 148 acres, in

which he agreed to make title on the payment of the notes. The defendant was cognizant of the whole transaction. Johnson, instead of paying the $500 on the mortgage, gave the defendant his notes and a deed to the entire tract, to secure the debt, contrary to the agreement with the petitioner, and without her knowledge. She has paid all her notes to Johnson, except the last one, and has tendered and still tenders payment of it on his making her a deed to the 148 acres in conformity to his bond, but he refuses to make the deed, although she has obtained a decree of the court ordering him to do so. Since the transactions mentioned, Johnson has become insolvent. He was becoming insolvent during the time she was paying her notes to him, but she did not know, and had no opportunity to learn, anything of his financial condition; and the defendant, knowing this, failed to apprise her of the fact, and, after Johnson had become insolvent, released 100 acres of the land from the deed given to him by Johnson, and permitted Johnson to sell it to J. G. Blitch and appropriate the purchase-price to the discharge of his individual obligations, contrary to equity and good conscience, and to the injury of petitioner; and in law this amounted to a fraud on her. Defendant still holds the mortgage on her land, and is seeking to enforce it by advertising the land for sale under a power of attorney in the security deed given to him by Johnson. The title to the land has never legally passed out of petitioner, because said deed is tainted with usury, the interest on a portion of the debt which it was given to secure having been computed at the rate of 15 per cent. per annum. Petitioner has no adequate remedy at law, and can not have her rights in the premises fully adjusted without the intervention of a court of equity. It would prejudice her interest in defending her rights in the premises to allow the land to be sold, as an innocent purchaser might buy at the sale, against whom she could not set up rights and equities. She is in possession of the land and has been in peaceable and uninterrupted possession of it for twenty-two years. She prays that the sale be enjoined, and that the security deed under which it was proceeding be canceled.

The defendant filed an answer, in which he denied the material allegations of the petition. The evidence on the hearing of the application for injunction was conflicting. In an affidavit of the petitioner it was stated that about nineteen years ago her husband

became indebted to W. W. Olliff, and Olliff induced her to give him a mortgage on the land in question, to secure the debt, and a year or two later their account was run with Olliff in her name; that Olliff would take a mortgage from her every year on this land and would compute interest at the rate of 15 per cent. per annum to the maturity of the mortgage, and include it in the face of the mortgage, and specify that said sum should bear interest from maturity at 8 per cent. per annum; and that at the time she made the arrangement with Johnson to make the payment on this debt, as set out in the petition, the amount appearing to be due on it, including the usury, was about $800; also that when she gave Johnson her notes and the deed to secure them, he charged her 12 1-2 per cent. per annum interest, and included it in the notes. The court refused to grant an injunction, and the petitioner excepted.

*Tyler & Anderson* and *H. B. Strange*, for plaintiff.

LAMAR, J.    Having sold 100 acres outright to Johnson, the plaintiff is not concerned as to what he did with that part of the land.    Her bond for titles only calls for 148 acres, which she admits Johnson was authorized to convey to Olliff as security for $300.    If, because of the twelve per cent. interest charged her by Johnson, and like interest charged Johnson by Olliff, the title to the 148 acres remains in the plaintiff, she needs no injunction to restrain the threatened sale.    Not only is Olliff solvent, but, if the petition has been properly filed and docketed, the pendency of the present proceedings will probably operate as lis pendens.    If Olliff in fact has no right to sell, a purchaser will get no title.    Civil Code, § 3936; *Allen* v. *Brown,* 43 *Ga.* 305; *Kea* v. *Epstein,* 87 *Ga.* 119.    The power of sale is void if the deed is void for usury. *Pottle* v. *Lowe,* 99 *Ga.* 576.    The fact that a part of the debt represented by the notes is usurious, and a part may have been that of her husband, does not destroy the liability of the wife as to the amount she herself owed Olliff (*Jones* v. *Harrell,* 110 *Ga.* 373; *Johnston* v. *Gulledge,* 115 *Ga.* 981), and she would be liable to Johnson for whatever sums he had at her request paid or assumed. *Thornton* v. *Lemon,* 114 *Ga.* 155; *Hill* v. *Cooley,* 112 *Ga.* 115 *McCrory* v. *Grandy,* 92 *Ga.* 327; *Villa Rica Co.* v. *Paratain,* 92 *Ga.* 307.                    *Judgment affirmed.    By five Justices.*