GATE CITY COTTON MILLS *v.* CHEROKEE MILLS, for use.

1. Where a plaintiff under the name of "The Cherokee Mills" brought an action alleging, that the defendant had made a contract with it and had subsequently violated the contract, and that the plaintiff, in dealing with the defendant, acted through its general manager, and that a letter was written on its behalf by its secretary and treasurer to the defendant; and where the defendant filed a general demurrer to the petition, but made no objection to the name as not importing a person, natural or artificial, and such demurrer was sustained, and the case brought to this court, where the judgment of the trial court was reversed, and when the case came on for trial on the merits a plea was filed by the defendant, alleging the plaintiff to be a corporation, a motion for the first time then made to dismiss the action on the ground that there was no plaintiff, and the name of the plaintiff did not import either a corporation, a partnership, or a natural person, was properly overruled.

2. When the case was formerly before this court, the contract involved was construed to be a written contract, consisting of a proposition in writing and a written acceptance. It was therefore proper to reject the effort to set up by an amended plea, and by offering evidence, that there were additional terms previously agreed upon by parol and not reduced to writing, and that therefore a recovery on the contract was prevented by the statute of frauds.

3. Pending an action for breach of contract by a corporation, receivers were appointed for its property and assets. At a later date a petition was filed by the plaintiffs in that proceeding, stating that they then owned all the stock in the company and all claims against it, and that no reason existed for the continuation of the receivership; and they prayed that the receivers be discharged and the property in their hands be delivered to the petitioners. An order was passed to that effect. On the trial of the present case the defendant raised the point that all of the title and interest of the original plaintiff had been transferred to such petitioners, and that the plaintiff was therefore without title or interest in the subject-matter, and could not proceed with the case. The court allowed an amendment to be made upon motion of the original plaintiff, concurred in by the persons above referred to, authorizing the suit to proceed in the name of the plaintiff, for their use. *Held,* that this was not error.

4. In a suit brought to recover damages for the breach of a contract to deliver yarn, the court having, on objection of counsel for the defendant, excluded evidence of the market value of yarn except at the place of the plaintiff's residence, and thus in effect having ruled, at the defendant's instance, that this was the place of delivery under the contract, there was no error of which the defendant could complain in charging that if the defendant was liable, the measure of damages would be the difference between the contract price and what the yarn was worth in the market at such place at the time when it ought to have been delivered.

5. None of the grounds of the motion for a new trial require a reversal.

Argued February 21,—Decided April 13, 1907.

Action on contract. Before Judge Pendleton. Fulton superior court. July 2, 1906.

The Cherokee Mills of Cedartown, Georgia, brought suit against the Gate City Cotton Mills, a corporation of Fulton county, seeking to recover damages for a breach of contract. A verdict for one thousand dollars was found in favor of the plaintiff. The defendant moved for a new trial, the motion was overruled, and it excepted.

*Payne, Jones & Jones,* for plaintiff in error.

*J. K. Davis* and *J. F. Golightly,* contra.

LUMPKIN, J. (After stating the foregoing facts.) 1. Several of the contentions now made are controlled by the decision when the case was formerly before this court. *Cherokee Mills* v. *Gate City Cotton Mills,* 122 *Ga.* 268. On the last trial the defendant moved to dismiss the case, on the ground that it was not alleged in the petition, or in the amendment thereto, that the Cherokee Mills was a corporation, or a partnership, or an individual, and that therefore there was no party plaintiff having a legal entity, either as a natural or as an artificial person. The motion was overruled. The petition showed, that the plaintiff, in dealing with the defendant, acted through its general manager, and also that a letter was written on its behalf by an officer adding to his signature the letters "S. & T." (probably meaning secretary and treasurer). After the plaintiff had brought the suit under the name of the Cherokee Mills, and the defendant, without apparently making any objection on the ground now set up, had filed a general demurrer, and a special demurrer objecting to want of specification in certain allegations in regard to naming or setting out the plaintiff's officers, and after a ruling had been obtained in favor of the defendant, exception taken by the plaintiff, a reversal had, and the case returned to the superior court for trial, it was too late for the defendant, by motion to dismiss, to raise the point for the first time that the name of the party with which it had been litigating did not import a corporation, a partnership, or a natural person. If the plaintiff was person enough to litigate with in the superior court, and to carry the case by bill of exceptions to the Supreme

Court and obtain a reversal, it was·at.least prima facie person enough to continue the litigation. If there was no such entity, it would have to be shown otherwise than by mere motion to dismiss under such circumstances. In fact it appears from a plea filed by the defendant that the plaintiff is a corporation.

2. The contract was construed by this court to be not merely a verbal one with written evidence of it, but a written contract, consisting of a definite written proposal and an unconditional acceptance in writing. The written proposition contained a stipulation in regard to delivery other than that in the preceding verbal negotiations or understanding. The decision treats the written proposition and the acceptance as making the contract. While there is some reference in the opinion to the letters as evidencing the contract, yet the ruling as a whole is inconsistent with the idea that there was a complete and perfect parol contract of which the written proposition and acceptance were merely evidence. This being so, an effort, by an amended plea and by offering to introduce evidence, to show that there were additional terms previously agreed upon by parol and not reduced to writing, and that therefore a recovery on the contract was prevented by the statute of frauds, was unavailing. And the trial judge properly rejected the amendment proposed and the evidence offered.

3. The evidence disclosed that pending the suit receivers had been appointed for the property of the plaintiff. At a later date a petition was presented to the presiding judge by the parties who filed the original petition, stating that they owned, at the time of the latter petition, all claims existing against the Cherokee Mills, so far as they knew, and certainly all that were connected in any way with the case; that they had purchased and owned all the stock of the Cherokee Mills, and that no reason existed for the continuation of the receivership. They prayed that the cost be paid, that an amount in the hands of the receivers be paid over to them, and that the receivers be discharged. An order was passed accordingly, in which the receivers were directed to deliver to the plaintiffs, as the owners of all the stock of said Cherokee Mills, all of the property in their hands. One of these parties testified, that there was no written transfer by the receivers to them; that they simply purchased the stock from the other stockholders and became the owners of the entire stock, and that the other parties

placed the entire matter with him, with full authority to act and to wind up the business. After the close of the evidence in the present case, the defendant's counsel raised the point that all of the title and interest of the original plaintiff had, under order of court, been transferred to the four plaintiffs in the receivership proceedings; that the plaintiff was therefore without title or interest in the subject-matter, and that it could not proceed with the case. Thereupon the plaintiff offered an amendment praying that the suit proceed in the name of the plaintiff, for the use of the individuals referred to. It also appeared that those persons were in court and agreed to this and joined in the prayer that the suit should proceed for their use. The amendment was allowed, over objection.

Under the evidence it is at least doubtful whether what happened amounted to an assignment at all, or merely to a dissolution of the receivership and a delivery of the property into the hands of the sole stockholders. Of course, if there was no assignment of the chose in action, the point was without merit. If it be treated as if there were an assignment, the objection was properly overruled. In 1 Cyc. 116, it is said: "At common law the termination, or transfer pendente lite, of the interest of the plaintiff in the subject-matter of the action abated it. . . It is also a well-settled principle that a complainant in equity suing in his own right, and alone, can not, after he has parted with his whole interest in the subject-matter of the litigation, further prosecute the suit. It has been held, however, that a transfer by plaintiff of part only of his interest will not abate the suit. . . The common-law rule above stated has been abrogated, however, in most of the States; and it is now the general American doctrine that the termination or transfer of plaintiff's interest in the subject-matter of the action after the commencement thereof furnishes no ground for abatement." And see authorities cited in notes. In *Gilmore* v. *Bangs*, 55 *Ga.* 403, it was held, that "when an account is in suit in the name of the original creditor for the use of another person, it is no concern of the debtor whether it has been assigned to the usee or not, unless the determination of that question is necessary to some other ground of defense." Apparently the assignment there sought to be shown was made pending the suit, and an amendment was made introducing the son-in-law and daughter of the original plaintiff as usees. In the opinion it was said: "If both assignor

and assignee are before the court as parties, the debtor is secure of all of his rights of defense; and further than they are involved, he is not concerned with the question of title."

In the case at bar both the original plaintiff and the persons to whom the property was delivered under the order were before the court, and the ruling quoted is practically controlling. It has been held that if, pending an action of ejectment, the property involved is conveyed by the plaintiff to a third person, he may still proceed with the action. And while additional reasons are given in ejectment cases, the decisions still bear upon the question. *Wood* v. *McGuire's Children,* 21 *Ga.* 576; *Suwannee Turpentine Co.* v. *Baxter,* 109 *Ga.* 597. It has also been held that a claimant may continue to prosecute the claim although he has transferred the property pending the claim case. *Thomas* v. *Parker,* 69 *Ga.* 284 (3); *Coker* v. *First National Bank,* 112 *Ga.* 71. An action at law does not abate by reason of the bankruptcy of the plaintiff pending the suit. The trustee may intervene as a plaintiff, but is not compelled to do so. *Conner* v. *Southern Express Co.,* 42 *Ga.* 37; *Woddail* v. *Austin,* 44 *Ga.* 19; *Griffin* v. *Mutual Life Ins. Co.,* 119 *Ga.* 664. Except on dissolution, the fact that a receiver has been appointed for a corporation does not abate a suit then pending in its name. *Rooney* v. *So. B. & L. Asso.,* 119 *Ga.* 941. Where an action had been brought by a corporation, it was held not error to allow certain named persons who had been duly appointed as its receivers to be made parties plaintiff as usees. *Branch* v. *Augusta Glass Works,* 95 *Ga.* 573. Indeed, in *Western National Bank* v. *Maverick Bank,* 90 *Ga.* 342, it was said, that "Under the common law, choses in action, except negotiable securities, could not be assigned so as to carry the legal title; and in a court of law, any rights in them acquired by other persons than the owner could be enforced only in his name." Our statute is different. Civil Code, § 3077. But it does not declare that a transfer pending suit will abate the action or prevent the transferee from coming in and being made a usee by amendment.

4. The purchaser of the yarn for failure to deliver which the suit was brought did business at Cedartown. The vendor was located at Atlanta, in a different county. Exception was taken to the charge of the court to the effect that if the plaintiff was entitled to recover, the measure of damages would be the difference between

the contract price and what the yarn was worth in the market at Cedartown at the time when it ought to have been delivered. The presiding judge certified, in a note to the motion for a new trial, that when the plaintiff was introducing its evidence, the defendant's attorney objected to any testimony of the market value of yarn at any other place than Cedartown, and that the court sustained the objection, except that the testimony of the market value of yarn in other markets was admitted for the purpose of showing what was the market value of such yarn at Cedartown. Having thus invoked and obtained a ruling in effect declaring that the place of delivery was Cedartown, the defendant could not complain of the charge based on that theory. *Luther* v. *Clay*, 100 *Ga*. 236; *American Grocery Co*. v. *Kennedy*, Id. 462; *Ryder* v. *State*, Id. 529 (9), 535, 536; *Gentry* v. *Barron*, 109 *Ga*. 172 (4); *Brown* v. *State*, Id. 570; *Howard* v. *State*, 115 *Ga*. 244 (4), 251, 254.

5. We have carefully examined the other grounds of the motion for a new trial, but it is unnecessary to discuss them in detail. None of them require a new trial.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*