## LANCASTER, administrator, v. BROWN.

FISH, C. J. A wife, in 1871, alleging that her husband refused to do so, applied for a homestead in an undivided half interest in certain lands belonging to her husband; and a creditor of his filed objections to the granting of the homestead, upon various grounds, which were overruled by the ordinary, who granted a homestead in such portions of the land as might, upon the division of them between the owners, be given to the husband. There was an appeal by the creditor to the superior court, where upon the trial there was a verdict against the appellant, the minutes of the court, however, not showing that any judgment was ever entered up upon the verdict. Subsequently the lands were partitioned upon regular proceedings brought for that purpose by the tenants in common, and described portions thereof were given to the husband, who with his wife and family went into possession thereof and so remained until her death. Afterwards, in 1883, he married again, while a minor child was living with him. After his child became of age, the husband in 1885 applied for a homestead in the same land which had been set apart as a homestead upon the application of his first wife, alleging that he was the head of a family consisting of himself and his second wife, and upon the ground that he was aged and infirm, being 56 years old. The same creditor filed objections to the granting of a homestead upon this application, one of the objections being that the same land which the appellant sought to have set apart as a homestead had previously been set apart as a homestead for his family under the application of his first wife, and that he was "thereby estopped from making his present application." The objections were overruled by the ordinary, and a homestead was set apart. The creditor appealed to the superior court, where the case was by consent submitted to the judge for decision without a jury. He decided, that, as the applicant previously had a homestead set apart to him in the same premises, which had not expired when the second application was made, the second homestead set apart by the ordinary was of no effect, and the ordinary had no power to entertain the application "after a first had been duly granted," and

that "the plea is therefore sustained." *Held:* In a claim filed by the second wife, the beneficiary of the homestead, against the levy of a fi. fa. in favor of the objecting creditor on the land set apart on the application of his first wife, the court did not err in directing a verdict in favor of the claimant. Even if the creditor, under the facts of the case, was not bound by the judgment setting apart the land under the first application, he was certainly estopped by the decision of the judge in his favor on the last application. *Luther* v. *Clay,* 100 *Ga.* 236 (28 S. E. 46, 39 L. R. A. 95); *Gate City Mills* v. *Cherokee Mills,* 128 *Ga.* 170, 175 (57 S. E. 320), and cases cited.

> *Judgment affirmed. Beck, J., absent. The other Justices concur.*
> FEBRUARY 11, 1913.

Claim. Before Judge Parker. Pulaski superior court. August term, 1911.

*H. F. Lawson* and *W. L. & Warren Grice,* for plaintiff in error.