## COMER *et al.* v. EPPS *et al.*

1. Municipal authorities may be compelled by mandamus to call an election for mayor and councilmen, when the duty so to do is enjoined upon them by the municipal charter.
2. The respondents, on a contest before the ordinary, having invoked a judgment by him that a previous holding of an election was void and that no one was then elected, they could not set up the invalidity of that judgment as a defense to the application for mandamus.

No. 1053. APRIL 17, 1919.

Mandamus. Before Judge Hodges. Oglethorpe superior court. April 27, 1918.

*Richard B. Russell,* for plaintiffs in error.

*Erwin, Rucker & Nix* and *Samuel H. Sibley,* contra.

FISH, C. J. An election was held for mayor and councilmen of the City of Crawford. A contest was filed by the candidates apparently defeated against those appearing to have been successful. The contestees filed a cross-contest. After the taking of testimony by both sides, the matter went before the ordinary of the county for determination. Upon the hearing counsel for the contestees insisted that the election be declared null and void, because certain members of the city council who were condidates

for re-election had acted as managers of the election, and contended that the ordinary had jurisdiction to declare the election null and void,. and requested that a judgment be rendered to that effect. Thereupon the ordinary rendered the following judgment: "Upon hearing evidence and argument, it is ordered that the election be adjudged illegal and void, and that no one was elected thereby." The charter of the City of Crawford (Acts 1910, p. 499, sec. 5) provides that when an election for mayor and councilmen shall fail for any cause, the mayor and council shall forthwith call an election to take place after advertising it as there prescribed. Section 3 of the charter declares that elective officers of the city shall hold over until their successors are elected and qualified. Soon after the decision of the ordinary declaring the election void, certain of the contestants petitioned the holding-over mayor and council (who, with one exception, were the contestees before mentioned) to call an election in accordance with the provisions of the charter. They refused to do so. Some of the contestants, and others who were citizens and taxpayers of the city, applied for mandamus requiring the holding-over mayor and council to call an election in accordance with the terms of the charter of the city. The respondents demurred and answered. It was agreed by counsel for both sides that the judge of the superior court should try the case without a jury, and decide all questions of law and fact. The judge overruled the demurrer, the grounds of which were: (1) No cause of action is set forth in the petition. (2) No sufficient reason is shown why a mandamus should issue. (3) It appears from the petition that an election was held in December, 1917, and that the result of said election has not been legally avoided or set aside. (4) There is other adequate legal remedy.

1. The demurrer was properly overruled. The Civil Code, § 5440, declares: "All official duties shall be faithfully fulfilled; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper fulfillment, the writ of mandamus may issue to compel a due performance, if there be no other specific legal remedy for the legal rights." Municipal authorities may be compelled by mandamus to perform the duties enjoined upon them by law. *McCord* v. *City of Jackson*, 135 *Ga.* 176 (7), 178 (69 S. E. 23). Petitioners for mandamus had no other specific legal remedy for the legal rights claimed.

2.  The judge found, from the evidence submitted to him, that the contestees on the hearing of the contest before the ordinary (who were respondents in the mandamus proceeding) invoked the decision that the election held for mayor and councilmen of the City of Crawford, in December, 1917, was void, and that no one was elected thereat.  The evidence in the record fully sustained, if it did not demand, such finding.  It is a general rule, that where a party assumes a position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.  11 Am. & Eng. Enc. Law, 446.  The rule has been applied by this court. *Luther* v. *Clay*, 100 *Ga.* 236 (28 S. E. 46, 39 L. R. A. 95); *American Grocery Co.* v. *Kennedy*, 100 *Ga.* 462 (28 S. E. 241); *Vaughn* v. *Strickland*, 108 *Ga.* 660 (34 S. E. 192); *Gentry* v. *Barron*, 109 *Ga.* 172 (34 S. E. 349); *Brown* v. *Stale*, 109 *Ga.* 570 (34 S. E. 1031).  To the same effect is *Ray* v. *Cruce*, 21 *Ga. App.* 539 (94 S. E. 899), and cases cited; *Gate City Cotton Mills* v. *Cherokee Mills*, 128 *Ga.* 170 (57 S. E. 320), and cases cited; *Lancaster* v. *Brown*, 139 *Ga.* 376 (77 S. E. 381).

Accordingly, the judge correctly held that the respondents could not, in a mandamus proceeding, set up the invalidity of the ordinary's judgment that they had invoked; and it was not error to make the mandamus absolute, requiring the mayor and councilmen to call a new election.

*Judgment affirmed.　All the Justices concur.*