## Cox *v.* Fort.

Fish, C. J.    The administrator of the estate of a mortgagor brought an
action against the mortgagee and his attorney at law, for interpleader.
The substance of the allegations of the petition, here material, was:
The administrator had sold the mortgaged land under an order duly
granted by the ordinary; prior to the sale the mortgagee had placed
the mortgage in the hands of the attorney for collection, who before
the sale had delivered it to the administrator for the purpose of having
the proceeds of sale applied to the payment of the debt secured by
the mortgage; before payment the mortgagee notified the administra-
tor not to pay the attorney; whereupon the administrator returned
the mortgage to the attorney; the administrator then deposited the
amount of the mortgage debt with the clerk of the superior court, and
instituted the suit to require the mortgagee and the attorney to set
up by way of interpleader their respective claims on or to the fund
so deposited.    The attorney in his answer averred that the mortgage
was for the purchase-money of the land, and it had not been recorded,
and that he " advised with the administrator and with the heirs of
the estate of the [intestate], and procured an agreement by which
said mortgage was to be paid without any effort on the part of the
widow to defeat the same; " that his services were worth $350; and
he prayed that it be decreed that he have a lien for his fees on the
fund.    At an interlocutory hearing before the appearance term, the
judge granted an order that " in so far as the fund deposited in court
is concerned the petitioner [administrator] is discharged; " and that
the clerk pay to the mortgagee the fund in court, less $350 claimed
by the attorney as his fee, and the accrued costs of the proceedings.
At the appearance term the mortgagee demurred to the petition of
the administrator, on the grounds, among others, that the allegations
of the petition were not sufficient to authorize interpleader, and that
the petition did not allege there was no collusion between the peti-
tioner and the attorney.    At the trial term the demurrer was sustained
and the petition dismissed.    Then on motion of counsel for the mort-
gagee the court dismissed the answer of the attorney on the ground
that, as the petition for interpleader had been dismissed on demurrer,
no trial of the case could proceed on such answer.    The attorney ex-
cepted.    In the brief of counsel for plaintiff in error filed in this
court it is stated:    " The sole question made by the record is, whether
A. Fort [the mortgagee] was estopped, by his conduct in accepting the

MARCH TERM, 1920. (150

sum of money ordered paid to him, to deny the legality of the proceeding in the case" of the administrator against the mortgagee and the attorney. *Held*:

It is true, as a general proposition, that "where a party assumes a position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." 11 Am. & Eng. Enc. Law, 447; *Comer* v. *Epps*, 149 *Ga.* 57 (99 S. E. 120), and cases cited. This rule is not applicable in view of the facts of the case at bar. The mortgagee, in accepting, under the order of the judge, so much of the fund in custody of the court as the attorney did not claim was subject to his alleged lien, did not, by subsequently demurring to the petition for interpleader, at the appearance term, assume a position inconsistent with that formerly taken by him.  *Judgment affirmed. All the Justices concur.*

No. 1765. SEPTEMBER 17, 1920.

Interpleader.   Before Judge Worrill.   Early superior court. October 6, 1919.

*W. V. Custer*, for plaintiff in error.   *L. M. Rambo*, contra.