## HUGHES *v.* FIELD.

No. 9409.   MAY 18, 1933.

*Howell Brooke,* for plaintiff in error.

*Blair & Gardner* and *E. M. McCandless,* contra.

HILL, J. (After stating the foregoing facts.) The motion for new trial contains only the grounds that the verdict is contrary to the evidence and without evidence to support it, that it is strongly against the weight of the evidence, and that it is contrary to law and the principles of justice and equity. On the trial counsel for plaintiff, after introducing evidence to support his contention, announced that they had no further evidence to offer. Whereupon counsel for the defendant made the following motion: "The question arises, what issue is there for the jury to decide in this case? There are no conflicts here in the testimony. They have put up no testimony denying anything that we have proven; absolutely none. The uncontradicted evidence shows that on this occasion this defendant's husband owed the plaintiff $402.15, and that this husband procured a loan from Mr. Field under the distinct understanding that Mr. Field would not make it any other way except with the understanding and provision that this $402 was to be paid him, and that his wife put up her property to secure this debt. He was a creditor of the husband, and our Code, § 3007, provides that the wife is a feme sole as to her separate estate. I will read the section. It voids that deed, and that's all we are asking for in this case. We are willing to accept a directed verdict against her. That's all we are interested in, in saving this woman's home." The court directed a verdict for the plaintiff as to the remainder of the debt represented by the note sued upon, after deducting the $402.15, and further directed that the deed referred to in the motion of defendant's counsel be set aside, which verdict was duly entered. Later, after the rendition of such verdict and the entry of judgment thereon, counsel for the defendant, being dissatisfied with the verdict and judgment, filed his motion for new trial on the general grounds, as stated. In view of the record the defendant is bound by the verdict and judgment, and is estopped from having the same set aside.

In the case of *Murphy* v. *Savannah,* 73 *Ga.* 263, it was held: "A decree made with the consent and at the instance of a party can not be set aside by him by bill of review, unless by clerical error something has been inserted therein as by consent which had not been consented to." In *Luther* v. *Clay,* 100 *Ga.* 236 (28 S. E. 46, 39

L. R. A. 95), it was held: "Where, in the trial of a litigated case, a party procured from the presiding judge a ruling or decision that a given judgment was valid and legal, and as a result that case was adjudicated in favor of such party, he was, in subsequent litigation with the same adverse party, estopped from denying the validity or legality of the judgment in question. In *Gentry* v. *Barron,* 109 *Ga.* 172 (4) (34 S. E. 349), it was held: "One who procures an adjudication that an action against him upon a promissory note not under seal was prematurely brought, for the reason that the note was not due and payable until after a designated day which had not arrived before the filing of the plaintiff's petition, is estopped from setting up the statute of limitations in defense to a second action on the same note brought after a dismissal of the first and within less than six years from the day above indicated." In *Comer* v. *Epps,* 149 *Ga.* 57 (99 S. E. 120), Chief Justice Fish, delivering the opinion of the court, said: "It is a general rule, that where a party assumes a position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. 11 Am. & Eng. Enc. of Law, 446. The rule has been applied by this court. *Luther* v. *Clay,* 100 *Ga.* 236 (28 S. E. 46, 39 L. R. A. 95); *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462 (28 S. E. 241); *Vaughn* v. *Strickland,* 108 *Ga.* 660 (34 S. E. 192); *Gentry* v. *Barron,* 109 *Ga.* 172 (34 S. E. 349); *Brown* v. *State,* 109 *Ga.* 570 (34 S. E. 1031). To the same effect is *Ray* v. *Cruce,* 21 *Ga. App.* 539 (94 S. E. 899), and cases cited; *Gate City Cotton Mills* v. *Cherokee Mills,* 128 *Ga.* 170 (57 S. E. 320), and cases cited; *Lancaster* v. *Brown,* 139 *Ga.* 376 (77 S. E. 381)." And see *Ederheimer* v. *Carson,* 11 *Ga. App.* 486 (75 S. E. 828). In *Ray* v. *Cruce,* supra, Judge Jenkins said: "It is a well-recognized principle of law that when a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject-matter and against the same adversary, a contrary position. *Haber-Blum-Bloch Hat Co.* v. *Friesleben,* 5 *Ga. App.* 123 (62 S. E. 712); *Vaughn* v. *Strickland,* 108 *Ga.* 659, 660 (34 S. E. 192); *Luther* v. *Clay,* 100 *Ga.* 236, 241 (28 S. E. 46, 39 L. R. A. 95); *Central Ry. Co.* v.

*Waldo,* 9 *Ga. App.* 182 (70 S. E. 1021) ; *Paxson* v. *Planters Warehouse Co.,* 20 *Ga. App.* 267 (92 S. E. 1023) *."*

In *Jones* v. *Harrell,* 110 *Ga.* 373 (2) (35 S. E. 690), it was held: "If a married woman signs a promissory note the consideration of which is partly her own debt and partly the debt of her husband, the payee can recover in a suit on the note that portion which was based upon the debt of the wife, the amount of her debt and of that of the husband being clearly shown by the evidence." In *Johnson* v. *Gulledge,* 115 *Ga.* 981 (42 S. E. 354), it was held: "The trial judge did not err in instructing the jury to the following effect: If a promissory note, owned by a wife, is given in pledge to secure a debt which is in part that of the wife and in part that of her husband, and such parts are readily ascertainable, the pledge is a valid one as to the part of the debt which is due by the wife, and the pledgee is entitled, when due, to recover from the maker the amount expressed in the note." In *Lanier* v. *Olliff,* 117 *Ga.* 397 (2) (43 S. E. 711), it was held: "That a part of a debt represented by a married woman's note is usurious, and part that of her husband, does not relieve her from liability for the portion she herself owes." In *Gross* v. *Whitley,* 128 *Ga.* 79 (57 S. E. 94), Mr. Justice Evans, speaking for the court, said: "The wife may borrow money and give it to her husband, although the lender (he being no party to any arrangement between the husband and wife for procuring the money), knows that the husband is to have the use of the same. *White* v. *Stocker,* 85 *Ga.* 200 [11 S. E. 604]; *McCrory* v. *Grandy,* 92 *Ga.* 319 [18 S. E. 65]; *Chastain* v. *Peak,* 111 *Ga.* 889 [36 S. E. 967]; *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 [50 S. E. 488]. Or she may sell her property for the sole purpose of raising money with which to pay her husband's debt, the purchaser not being a creditor of the husband, and having nothing to do with any arrangement between the husband and wife looking to the making of such sale. *Nelms* v. *Keller,* 103 *Ga.* 745 [30 S. E. 572]; *National Bank* v. *Carlton,* 96 *Ga.* 469 [23 S. E. 388]. The reasoning on which these cases rest is that a married woman may sell or pledge her property so long as the transaction is not part of a scheme, participated in by the other party, the intent of which is to apply the wife's money to the discharge of the husband's debt. If she borrows the money on her own responsibility and for herself, the law permits her to give it to the husband. *Cain* v. *Ligon,* 71 *Ga.* 692 [51 Am. R. 281]."

And see *Third National Bank of Columbus* v. *Poe,* 5 *Ga. App.* 113, 117 (62 S. E. 826); *Planters Bank* v. *Ware,* 27 *Ga. App.* 719 (109 S. E. 678).

It appears from the record in the case, including the evidence, that the plaintiff loaned the defendant the sum of $1902.15, giving the defendant a check for the same, and the amount represented by the check was deposited to the account of the defendant in the Etowah Bank of Canton, Georgia; that the defendant executed a note and loan deed in the amount of $1902.15, and that she then drew two checks on her account in the bank, one in the amount of $402.15 payable to her husband, E. M. Hughes, and which he in turn claims to have indorsed and delivered to the plaintiff; and the other check was for the sum of $1500, made payable to her husband, E. M. Hughes, which the husband claims to have deposited to his account, and made a payment therewith to George C. Fincher on certain land in Cobb County, Georgia, with which land it is not claimed that the plaintiff had any interest or connection whatever. There is nothing in the record to indicate, and no evidence tending to show, that there was any fraud or duress practiced on the defendant by her husband. In the motion of defendant's counsel in the trial court it was admitted in effect that no responsibility rested on the plaintiff to see what disposition was made of this money by the defendant. It thus appears that the amounts due by the husband and the wife were separate and distinct, and it does not appear that any portion of the verdict and judgment obtained against the wife was devoted to the payment of the husband's debt to a creditor; and under the authorities cited above, where the consideration of a note is partly the debt of the husband and partly the debt of the wife, the amount of the wife's debt can be recovered against her. In these circumstances not only was the court authorized to direct a verdict as he did, but it was the only verdict that could have been legally rendered under the facts of the case; and therefore it was not error to refuse a new trial.

*Judgment affirmed. All the Justices concur.*