## CHRISTOPHER *v.* ALMOND.

No. 9433. JUNE 15, 1933.

*Roy Lewis* and *Henry O. Farr,* for plaintiff in error.
*William A. Thomas,* contra.

HILL, J. Mrs. J. R. Almond brought her petition against W. C. Christopher, alleging in substance the following: The plaintiff and the defendant are the owners of adjoining property, and the defendant owns a fence around her property, which is set back from the property line of defendant's property about eighteen inches. That fence has been in place for about four years. The defendant recently insisted that the fence is on the dividing line, had a survey made of the property, and informed plaintiff that the fence was on her property and was her fence. They then agreed on the property line, and made an oral agreement that if plaintiff's mother-in-law would move her water-pipes from the property of defendant, defendant would move the fence and build a new fence on the property line. In accordance with this agreement, plaintiff had her mother-in-law move the pipes, and defendant refused to execute his

part of the agreement, and it will cost plaintiff fifty dollars to have the fence moved and a new fence constructed. The defendant has further ordered petitioner not to touch the fence, or he would use physical violence to stop its removal. The present fence is an old wire fence, rusty and unsightly, not in keeping with the standards of the neighborhood, and should come down and a new fence should be constructed. Plaintiff informed defendant that it was her intention to construct a driveway on her property between her house and defendant's house. Defendant informed her that she could not build a driveway between their property, and that he would use physical violence to prevent the building of the driveway. The defendant has quarreled with, threatened, and tantalized plaintiff until she has become a nervous wreck, all caused by the unreasonable and unlawful demands made upon her. She is "in a family way, and is expecting now in the next thirty or sixty days, and the acts of the defendant have so worked on the nerves of petitioner that she is threatened with an abortion." The acts of the defendant have increased in violence until he has become an absolute nuisance to petitioner and the other neighbors. She has no adequate remedy at law. The defendant has failed and refused to do anything that is right and just, and petitioner has been forced to employ lawyers at an expense of $250 to prosecute her claims against the defendant, because the defendant is "litigiously inclined." The prayers are that the defendant be restrained and enjoined from trespassing on the property of petitioner, and in any manner from interfering with petitioner, her agents, employees, or any one acting for her; that the plaintiff have judgment against the defendant for $50 for moving the old fence and constructing a new fence on the property line; also for $2450 as exemplary damages and for trespassing; and for $250 attorney's fees; and for general relief.

The defendant filed an answer in which he denied the material allegations of the petition. At the conclusion of the evidence the jury retired, and "Mr. L. B. Guillebeau, attorney for defendant, consented in open court that the location of the land line was as contended by plaintiff, and counsel for the parties then agreed in open court that a verdict be directed in that respect for the plaintiff. All of this in open court and in the presence of the defendant." Mr. Guillebeau, attorney for the defendant, here stated, the jury not being present: "Since the question of land line has been

eliminated from controversy or from issue by agreement, I move the court to award a judgment or grant a nonsuit as to the plaintiff's claim of damages against the defendant. The court: I am a little more doubtful of her right to have submitted to the jury her right to recover damages than I am as to the matter of attorney's fees. I am going to leave out damages and leave in attorney's fee. The sole question will be the matter of attorney's fee." The jury was recalled, and the court directed a verdict for the plaintiff as to the location of the land line, eliminated the question of general or exemplary damages, and instructed the jury: "The only question you will have to consider, under the evidence, under the pleading, and under the law as I will give it to you in charge later, is whether or not Mrs. Almond is entitled to recover any attorney's fees from Mr. Christopher." A verdict in conformity to this direction was returned, the jury also finding for the plaintiff attorney's fees in the sum of $250. A new trial was refused, and the defendant excepted.

■ The first special ground of the motion for new trial assigns error on the following charge of the court to the jury: "The law says, gentlemen, that expenses of litigation which includes attorney's fees are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense, the jury may allow attorney's fees. So, gentlemen, that's the rule. In order to allow attorney fees, the plaintiff [defendant] must have been stubbornly litigious or must have caused the plaintiff unnecessary trouble and expense. That's the only rule about that that I can give you, except to say to you that parties have a right to litigate matters relative to questions of fact—questions of law that are reasonably debatable; and if they litigate only to the extent that the questions of fact or questions of law are reasonably debatable, then there would not be any liability for attorney's fees, unless, of course, the defendant acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. It is a fundamental rule of law that parties may litigate matters of law where the questions are reasonably debatable." The error assigned is that while the charge as an abstract principle of law is correct, it was not authorized by the evidence; and further, that in giving this charge the court furnished to the jury no standard by which the

services of plaintiff's attorneys, if proved to have been rendered by competent evidence, were caused by any act of the defendant, or, if rendered, the method by which the jury might determine the value of such services; and that the charge was an expression of opinion by the court that some evidence had been adduced to authorize the jury in awarding attorney's fees to the plaintiff.

The assignment of error states that the charge as given was a correct statement of abstract law. The charge was authorized by the pleadings and the evidence, and was not an expression of opinion. The general charge of the court was not sent up, but it appears from ground 2 of the amendment to the motion for new trial that the court instructed the jury that "if you should decide that you should allow them [attorney's fees] at all, you should allow a reasonable value of the service rendered by the attorney." If a fuller instruction was desired, a timely request therefor should have been made.

■ The second special ground complains of the following charge of the court to the jury: "If you should allow attorney's fees, the question of the amount is for you to determine. That is, if you should decide that you should allow them at all, you should allow a reasonable value for the service rendered by the attorney. The matter of what she has agreed to pay her attorney is not the question. That was allowed in evidence to illustrate, if it does, the value of the service; but you are not bound by that amount which she has agreed to pay. If you allow attorney's fees, you should allow such an amount as you think reasonable and proper for the attorney to receive for the service he has rendered in this case." This charge was assigned as error for the reasons: that it was an expression of opinion by the court that some competent evidence had been adduced that services had been rendered to the plaintiff, and of their reasonable value; because the expression used by the court, "If you should allow attorney's fees, the question of the amount is for you to determine," without more, was erroneous, as the jury was not authorized to arbitrarily fix the value, nor was such value fixed by any promise of the plaintiff to pay her attorney any certain amount, but could only be determined by competent evidence of the amount, which would be a reasonable value of the services rendered; because the expression used by the court: "The matter of what she has agreed to pay her attorney is not the question. That was

allowed in evidence, to illustrate, if it does, the value of the service," was misleading to the jury, for the amount the plaintiff has agreed to pay her attorney is not probative of the value of the services; because the expression used by the court: "If you allow attorney's fees, you should allow such an amount as you think reasonable and proper for the attorney to receive for the services which he has rendered in this case," was erroneous for the reason that the jury had no discretion in the matter save in the allowance or nonallowance of attorney's fees; they must be governed by actual proof by competent evidence of the reasonable value of such services; what the plaintiff had agreed to pay her attorney furnished no criterion of the value of such services; and there was no competent evidence of what services were rendered by the plaintiff's attorney, or of their reasonable value. The assignments of error on this excerpt from the charge of the court are highly argumentative, and are without merit. There was evidence with reference to the services rendered by the attorney for the plaintiff, and of the value of such services, sufficient to authorize the charge of the court, and to authorize the verdict rendered.

■ The third special ground alleges error in not declaring a mistrial because of certain alleged misconduct on the part of plaintiff's attorney during the trial, in stating in the presence of the jury irrelevant, immaterial, and prejudicial conclusions as to what were facts, in the form of leading questions propounded to the plaintiff while she was testifying in her own behalf. These statements, etc., complained of, related to that feature of the case with reference to the boundary line between the properties of the parties. The fourth special ground asks for a new trial because of certain alleged newly discovered evidence, the same being an affidavit by a civil engineer, also with reference to the boundary line, the substance of the newly discovered evidence being that the line as contended for by the plaintiff was not the true property line. As stated, these two grounds relate to the boundary line. It appears from the record that the attorney for the defendant agreed to a directed verdict fixing the line as contended for by the plaintiff. The court eliminated the question of exemplary damages from the case, and instructed the jury to return a verdict accordingly; and also to consider the sole question of attorney's fees. Thus the defendant is precluded on the question of the boundary line, having acquiesced in the directed

verdict, in fact having asked for it, fixing the boundary line as contended by the plaintiff, and will not be now heard to reopen that question. This question was dealt with at some length, with citation of authorities, in the recent case of *Hughes* v. *Field,* 177 *Ga.* 128 (169 S. E. 344), where it was held: "It is a general rule, that where a party assumes a position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." See *Comer* v. *Epps,* 149 *Ga.* 57 (99 S. E. 120).

■ The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*