MULLIGAN, administrator, *et al.* v. MULLIGAN *et al.*

DUCKWORTH, Justice. 1. Where the intestate of the petitioner instituted a proceeding to adopt a minor child over 14 years of age and pursued the action to a final judgment of adoption and enjoyed the benefits of such adoption as shown by the present record, he would, if in life, be estopped to assail the validity of such judgment, and his brothers and sisters claiming under him are likewise estopped from attacking such judgment on grounds which otherwise might be upheld. Davis *v.* Wakelee, 156 U. S. 689; *Luther* v. *Clay,* 100 *Ga.* 236 (28 S. E. 46); *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462 (28 S. E. 241); *Vaughn* v. *Strickland,* 108 *Ga.* 659 (34 S. E. 192); *Gentry* v. *Barron,* 109 *Ga.* 172 (4) (34 S. E. 349); *Waldrop* v. *Wolff,* 114 *Ga.* 610, 619 (40 S. E. 830); *Neal Loan & Banking Co.* v. *Chastain,* 121 *Ga.* 500 (2) (49 S. E. 618); *Comer* v. *Epps,* 149 *Ga.* 57 (2) (99 S. E. 120); *Harper* v. *Lindsey,* 162 *Ga.* 44 (2) (132 S. E. 639); *Hughes* v. *Field,* 177 *Ga.* 128 (1) (169 S. E. 344); *Christopher* v. *Almond,* 177 *Ga.* 211, 216 (169 S. E. 899); *Bruce* v. *Bruce,* 195 *Ga.* 868 (2) (25 S. E. 2d, 654). Accordingly, the court did not err in sustaining the plea of estoppel filed by the alleged adopted daughter against the adverse claimants, brothers and sisters of the adopting parent.

2. After a judgment of adoption, the relation between the adopting parent and the child shall be, as to their legal rights and liabilities, the relation of parent and child, except that the adopting parent shall never inherit from the child, and the law requires that the judgment as here rendered shall declare the child capable of inheriting the estate of the adopting parent. Acts 1941, p. 305 (Code, Ann. Supp., § 74-414). Such relation of the child to the adopting parent is as to inheritance exactly the same as it would have been under an actual blood relation of parent and child. *Pace* v. *Klink*, 51 *Ga.* 220, 224. Upon the death of the husband without lineal descendants, the wife is his sole heir. Children stand in the first degree from the intestate and inherit equally all property of every description, accounting for advancements as provided in the Code. Brothers and sisters of the intestate stand in the second degree, and shall inherit only if there is no widow, child, or representative of a child. Code, § 113-903 (1, 4, 5). The wife of the adopting parent having predeceased him, according to the record, the adopted child was at his death his sole heir, in the relation of parent and child as established by the law, and was entitled to all of his estate. Accordingly, the special ground of the movants' motions for new trial, contending that even if the adoption proceeding was valid the child would not inherit the entire estate of the adopting parent but would share with them, is without merit. See *Harper* v. *Lindsey*, supra (p. 49).

3. The court did not err in finding against the claim of Henry L. Mulligan, individually, to the one-half interest of the intestate in the farm owned by the two brothers as tenants in common. The evidence showed at most only an intention expressed to third persons, but without any promise to the brother, to make a will devising such interest to him, or an oral agreement, because of the close and pleasant brotherly association between them, that the claimant should have such interest if he survived the intestate. Even a parol gift of land in præsenti, based upon a meritorious consideration, and accompanied by possession, but with no valuable improvements made upon the land during the lifetime of the alleged donor, will not authorize a decree of title in the donee. See Code, § 37-804; *Thompson* v. *Ray*, 92 *Ga.* 285 (18 S. E. 59); *Kemp* v. *Hammock*, 144 *Ga.* 717 (87 S. E. 1030); *Doe* v. *Newton*, 171 *Ga.* 418 (156 S. E. 25).

4. The amendment to the answer of the alleged adopted child, wherein she denied the allegations of the administrator individually to any right to the one-half interest of the intestate in the farm and set up various reasons why the claim was invalid, having been admitted in evidence without objection, the complaint made for the first time in the special ground of the motion for new trial filed by the administrator in his representative and individual capacity, that it was not sworn to and did not come within the agreement of the parties that all sworn pleadings might be introduced in evidence, is not entitled to consideration. *Jenkins* v. *Jenkins*, 150 *Ga.* 77 (102 S. E. 425); *Shirley* v. *Byrd*, 162 *Ga.* 598 (134 S. E. 316); *Crosby* v. *Rogers*, 197 *Ga.* 616 (1) (30 S. E. 2d, 248).

5. The foregoing rulings dispose of the controlling issues in the motions for new trial, and the court did not err in overruling the same.

*Judgment affirmed. All the Justices concur.*

No. 15532. SEPTEMBER 6, 1946. REHEARING DENIED OCTOBER 11, 1946.

*C. Wesley Killebrew, W. K. Miller,* and *Isaac S. Peebles Jr.,* for plaintiffs.

*Hammond & Kennedy,* for defendants.