43573. ELLER & HEYWARD, INC. v. JACKSON.

HALL, Judge. The plaintiff, a subcontractor, sued the general contractor for the unpaid balance of the amount allegedly due him under the subcontract. After a verdict and judgment for the plaintiff, the defendant appeals.

The subcontract provided: "The subcontractor and the contractor agree that the materials to be furnished and work to be done by the subcontractor are: furnish all labor, materials, equipment necessary to install a five-ply twenty-year built up roof, according to plans and specifications. The subcontractor shall install all roofing and sheetmetal work, gutters and downspouts, all roof flashing, including all vents protruding through the roof deck, pitch pans, roof drains and gravel stops."

There is no dispute that the subcontractor did not install gutters and downspouts. The subcontractor contends that the contract required him to install a roof according to the plans and specifications, and since these did not show gutters and downspouts they were not required by the contract. The contractor contends that by the plain language of the provision that the subcontractor shall install gutters and downspouts the contract unambiguously required that the subcontractor install them, even though they were not shown on the plans and specifications, and that this should be determined as a matter of law by the court.

"The true rule relative to the duty of the court to construe [a contract] is . . . 'Construction of ambiguous contracts is the duty of the court, and it is only after application thereto of the pertinent rules of construction, and they remain ambiguous, that extrinsic evidence is admissible to explain the ambiguity.' . . . although there is ambiguity in a contract it raises no jury question unless the ambiguity remains unresolved after application of applicable rules of construction." *Farm Supply Co. of Albany v. Cook,* 116 Ga. App. 814, 816 (159 SE2d 128).

It appears that this case was tried on the theory that there was an issue of fact as to the meaning of the contract, and this issue was presented to the jury to be resolved by determining the intent of the parties. The parties introduced evidence outside the contract reflecting on the parties' intentions and understanding about the installation of gutters and down-

spouts. The court instructed the jury on construing the written contract according to the intent of the parties, and no exception was taken to charging on this subject. Therefore the contractor cannot successfully take the position in this court that the construction of the contract was a question for the court alone. *Kane v. Standard Oil Co.,* 108 Ga. App. 602, 605 (133 SE2d 913); *Adams v. Housing Authority,* 117 Ga. App. 646.

The ground of the enumerations of error is that the verdict for the plaintiff was contrary to and not supported by the evidence. The evidence, including the plans and specifications incorporated in the contract, was sufficient to support a verdict for the plaintiff.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*

ARGUED APRIL 2, 1968—DECIDED APRIL 17, 1968—
REHEARING DENIED MAY 9, 1968.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellant.

*Greer & Murray, Richard G. Greer,* for appellee.