44500. H. W. IVEY CONSTRUCTION COMPANY, INC. v. TRANSAMERICA INSURANCE COMPANY.

Eberhardt, Judge. H. W. Ivey Construction Company, Inc. brought suit against Transamerica Insurance Company on a "Builders Risk Multiple Peril Policy" of insurance claiming coverage for a fork-lift truck which was dropped seven floors from a building being constructed by Ivey. The policy insured "materials, equipment and supplies, the property of the assured [Ivey], or for which the assured is legally liable, to be used in the construction, installation or erection of AAA Office Building situate 730 Peachtree Street, N. E., Atlanta, Georgia." Excluded from coverage was "Contractors' equipment, tools. . ." Ivey was legally liable for the fork-lift truck which it had leased from Clark Equipment Company. The truck was used in the construction work to move materials, supplies, machinery and equipment from one area or floor of the building to another and was not to become a part of the building.

The jury returned a verdict for the insurance company, and Ivey appeals enumerating error on the judgment and on the overruling of its motion for new trial on the general grounds. *Held:*

1. There was sufficient evidence to authorize, if not demand, a finding that the fork-lift truck was being used by Ivey as

contractor and was thus excluded from coverage as "contractor's equipment."

2. It appears that appellant successfully resisted the defendant's motion for summary judgment on the basis that there was ambiguity in the terms of the policy which should be resolved by the jury, and thereafter the case was tried on the theory that there was an issue of fact as to the meaning of the contract and as to the intent of the parties as to the coverage. He now asserts, for the first time, that the construction of the contract was a matter of law for determination by the court. This he cannot successfully do. *Eller & Heyward, Inc. v. Jackson,* 117 Ga. App. 753 (162 SE2d 238). He must stand or fall upon the position taken in the trial court. *Kenimer v. Ward Wight Realty Co.,* 219 Ga. 275 (133 SE2d 18); *American Grocery Co. v. Kennedy,* 100 Ga. 462 (1) (28 SE 241); *Vaughn v. Strickland,* 108 Ga. 659 (2) (34 SE 192); *Gentry v. Barron,* 109 Ga. 172 (4) (34 SE 349); *Brown v. State,* 109 Ga. 570 (1) (34 SE 1031); *Lancaster v. Brown,* 139 Ga. 376 (77 SE 381). He cannot thus "mend his hold." *Fenn v. Ware & Owens,* 100 Ga. 563, 566 (28 SE 238).

Further, one is limited in his appeal to grounds of objection which he properly presented to the trial court; he cannot make them for the first time on appeal. *Abrams v. State,* 223 Ga. 216 (9) (154 SE2d 443).

  *Judgment affirmed. Bell, P. J., and Deen, J., concur.*

SUBMITTED MAY 29, 1969—DECIDED JUNE 13, 1969.

*Richardson, Chenggis & Constantinides, George G. Chenggis,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Meade Burns,* for appellee.