## WATSON vs. WARNOCK.

1. A person dying intestate, and leaving, as his sole heir at law, an infant child, no collateral relative of that child has a legal right, by reason of such relationship, to administration on the Estate of the intestate. The legal right is in the infant.

2. In a contest for administration in such a case between two collateral kinsmen of the infant, before the superior Court, on appeal from the Ordinary, a judgment of the Superior Court between the same parties in a contest for the guardianship of the infant, awarding the guardianship to one of them, is admissible as evidence, to aid the Jury in the proper exercise of their discretion, and it is not error in the Court to charge the Jury, that they should consider that judgment in making their verdict.

3. Such a record being offered in evidence, it is not error in the Court to refuse an application of counsel objecting to its admission, to suspend the cause on trial, and allow him time to except to the judgment offered in evidence, and obtain a *supersedeas*, with a view to its exclusion as evidence.

4. Whether, in such a case, the granting of a *supersedeas* would render the judgment superseded, inadmissible as evidence? Query.

Application for Letters of Administration, in Burke Superior Court. Tried before his Honor, Judge HOLT, at the November Term, 1860.

Everett Tindall, of the county of Burke, died intestate, and Simeon Warnock applied for letters of administration on his estate.

To this application a *caveat* was filed by Green G. Watson, on the grounds following, that is to say:

1st. Because the applicant has no interest whatever in said estate, nor is he the next heir to the deceased.

2d. Because the caveator has an interest in said estate, and an interest in behalf of his children—the caveator being the maternal uncle of Martha Lourania Tindall, the only child of the deceased.

3d. Because said applicant is not a fit and proper person for said administration, from want of ability, on account of ignorance to conduct said administration.

4th. Because said applicant is a creditor of said estate.

Upon the trial of the issue in the Court of Ordinary, said Court gave judgment in favor of Simeon Warnock, and passed an order appointing him administrator of said deceased.

**SUSPENSION OF JUDGMENT TO ALLOW TIME TO MOVE FOR NEW TRIAL.** "The mooted question as to whether a superseded judgment can be used for the purpose of supporting a plea of res adjudicata is not raised in this record (2 Black of Judgments, §§510, 685, 846, 882, 960; Watson v. Warnock, 31 Ga. 694 (4); Tommey v. Finney, 45 Ga. 155, 158); for only the pleadings and verdicts in favor of Gano & Jennings were offered in evidence. Mitchell v. Mitchell, 97 Ga. 796; Simmons v. Shaffer, 49 Ga. 242 (2). Until final judgment the policy of the law is to preserve the status. While the privilege may have been denied in Watson v. Warnock, 31 Ga. 694, there are prior and subsequent decisions of this Court in which it has been expressly held that, **on**

From this judgment the caveator entered an appeal to the Superior Court of Burke county.

Upon the trial of said case on the appeal, the applicant Warnock, offered in evidence the original papers of file in said Superior Court, in a case between the same parties, being a contest for the guardianship of Martha Lourania Tindall, a minor child of the deceased, which papers showed the fact that a judgment was rendered in said contest as follows, to wit: "Whereupon, it is considered that the applicant, Simeon Warnock, be appointed guardian of the said Martha Lourania Tindall; that the Ordinary do issue letters of guardianship accordingly, and that the applicant do recover of the caveator the sum of          dollars, costs of this proceeding, and defendant in mercy," etc.   The papers also showed that the said judgment was rendered at the May Term, 1860, of said Superior Court, and that a motion for a new trial had been made, which motion had not been disposed of until the 22d day of November, 1860, when the presiding Judge rendered his decision thereon, overruling the motion and refusing the new trial.

Counsel for the caveator objected to this testimony on the grounds:

1st. Because there was no final order or judgment of the Court of Ordinary in said case, said Court of Ordinary being the Court of original jurisdiction.

2d. Because the testimony was irrelevant.

The objection was overruled and the testimony, to which the caveator excepted.

Counsel for caveator then stated to the Court, that he was preparing a bill of exceptions to the decision of the Court, refusing said new trial; that he designed superseding said judgment by bond and security, according to law, and thus avoid the effect of said judgment as evidence against the caveator; that it would require but a short time to complete the bill of exceptions, and asked the Court to give him time to finish and tender said bill of exceptions.

This request was refused, and the caveator excepted.

The evidence on the trial further showed: That Warnock was the cousin of deceased, and that Watson was the brother-in-law of the deceased, and the uncle of the said Martha Lourania Tindall; that said Martha Lourania was the only child left by deceased, and that he left no wife, no parents, brother or sister, surviving him.

notice that motion for a new trial will be made, the court will supersede the verdict or judgment and allow a reasonable time during which the party may move for a new trial, file a bill of exceptions, and obtain a regular supersedeas. Lindsey v. Lindsey, 14 Ga. 657 (3): Crawford v. Ross, 39 Ga. 44 (4); Holcombs v. Roberts, 19 Ga. 590." Harris v. Gaines, 117 Ga. 936.

The presiding judge charged the jury: "That if the fore-going were the facts of the case, neither party had a legal right to the administration, and that the appointment was very much in the discretion of the jury; that in determining who should have the administration, the jury might consider the fiduciary relation of Warnock to the minor, in whom, if of age, the legal right to the administration would vest, as a fact to influence their decision."

To this charge the caveator excepted.

The jury rendered a verdict in favor of the applicant, Warnock.

The decisions of the Court, admitting the papers touching the contest for the guardianship in evidence, and refusing to allow time to complete and tender the bill of exceptions, and giving the charge aforesaid, are the errors complained of in this case.

JOHN K. JACKSON, for the plaintiff in error.

JONES & STURGIS; SHEWMAKE, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

The exception to the judgment of the Court below, admit-ting in evidence a record of the Court, in a contest for the guardianship of the sole heir of intestate (a minor) between the same parties, showing that the guardianship had been awarded to defendant in error, will be postponed to the consid-eration of the exception to the charge of the Court.

This charge contains two legal propositions: 1st. That neither party had a legal right to the administration, and that the grant of it rested very much in the discretion of the jury. 2d. That "in determining who of the two should have the ad-ministration, the jury might consider the fiduciary relation of the defendant in error (as guardian) to the minor, in whom if of age, the legal right to the administration would vest, as a fact to influence their decision."

The plaintiff in error caveated the application of the defend-ant upon the ground (among others) that the applicant had no interest in the estate, and that the caveator had an interest therein, and an interest in behalf of his children— "caveator being the maternal uncle of Martha Lourania

Tindall, the only child of deceased." This averment shows that the entire interest in the estate of the intestate (beyond that of creditors, who are wholly without this issue) is in Martha L. Tindall. The interest set up by caveator for himself, and in behalf of his children, is an interest in the estate of Martha L. Tindall, as *her* heirs presumptive. But this is not the interest to which the law looks, in determining who is entitled to the administration of an intestate's estate. It looks only to interest in *that* estate. The language of our statute is: "The same rules shall obtain in granting adminstration on intestate's estates, as were beforementioned for the distribution thereof." *Cobb's Digest,* 305.

This rule entitles the next of kin to the administration. Where there is (as in this case) but one such, that one is entitled to the administration. The first proposition of the Court, therefore, was correct.

This Court, in the case of *Scranton and others vs. Demere,* 6th Geo. 100, in considering the question whether administration might be granted on the estate of a free person of color, and to whom granted, holds this language: "We place them on the same footing with infants in regard to administration. If an infant be next of kindred to the deceased intestate, and thus entitled to the administration, it will be granted to his guardian, *durante minore ætate*"—citing 1st *Williams Ex'ors,* 295. Although this question did not come directly before the Court, in that case, the dictum quoted can hardly be considered *obiter:* first, because upon it the Court's judgment was made to turn; secondly, the dictum itself is fortified by authority cited. If this be law, and we think it is, at least to the extent of making a *prima facie* case in favor of the guardian, there was no error in the second proposition embraced in the charge.

The exception to the ruling of the Court, admitting the record evidence of a grant of guardianship to the applicant for administrator, is based upon two grounds: First, that it was irrelevant to the issue; secondly, that the record showed no judgment of the Court of original jurisdiction, which Court, alone, could grant letters of guardianship.

Our ruling upon the charge of the Court, disposes of the first ground taken in support of this exception.

If the jury were correctly charged, that in determining

to whom they would grant administration, they might consider the relation of guardian and ward existing between the applicant and the sole and infant heir of the intestate, evidence showing that such relation *did* exist, was certainly relevant to the issue.

The record offered and received in evidence, showed a case initiated in the Court of Ordinary, the judgment of that Court, an appeal therefrom to the Superior Court, and the judgment of the latter, awarding guardianship to the applicant for administration, in the case then before the Court. It is true, that the Superior Court had only appellate jurisdiction in the case presented by the record; and it is equally true, that, as an appellate tribunal, it could not issue letters of guardianship to the successful contestant. But upon the sole question involved, viz.: to whom guardianship should be granted? the judgment of the Superior Court was conclusive. That Court had the power to issue its mandate to the Court of Ordinary, to confer the guardianship upon Warnock (the present plaintiff in error), and to compel obedience to that mandate. *Findlay, Adm'r, etc., vs. Whitmire et al.,* 15 *Geo.* 334.

For many purposes, this judgment of the Superior Court would not have availed the plaintiff in error, as e. g., where it became necessary to sustain a right of action as guardian. In such and like cases, he must go further and put in evidence, or make profert of his letters of guardianship. But in a contest between A. and B. for the administration of the estate of an intestate, whose sole heir was an infant, a record, showing the judgment of a Court of final jurisdiction, in a contest between the same parties for the guardianship of that infant, is evidence, because *it establishes a right,* the existence of which is a circumstance proper for the consideration of the jury, in the case on trial. The only remaining exception is, to the refusal of the Court to suspend the case on trial, and allow counsel for the caveator time to file a bill of exceptions to a decision of the Court previously rendered, overruling a motion for a new trial, *in the case* (the contest for guardianship) *the record of which was then offered as evidence* in this case—counsel stating that it was their intention to file such bill of exceptions, and to give bond and security, in terms of the law, and thus supersede and avoid the effect of the judgment so offered in evidence.

Either the filing of a bill of exceptions, and giving bond and security, as proposed, would have subtracted from the record in question its quality of legal evidence, or it would not.

If it would, how stands the question? Here was a record offered as evidence to a jury in a cause *submitted to them, and in progress,* which is determined to be legal evidence; but the Court is asked to suspend the cause actually on trial, and entertain an application to avoid, or vacate, the judgment rendered in another cause, for the avowed purpose of excluding it as evidence in the particular case before the Court. If there be either reason or precedent for such a practice, neither is known to us.

If the *supersedeas* proposed to be obtained would not have divested the record in question of its quality as evidence, there would be, if possible, less reason to grant the motion. We incline to think that would not have been the effect of the *supersedeas.* We think the filing of a bill of exceptions to a judgment of the Superior Court, suspends further progress *in that cause,* until the judgment of this Court; it does not vacate the suspended judgment. That can only be done by judgment of this Court upon the bill of exceptions. But we do not decide this point. We affirm the judgment of the Court below.

## JUDGMENT.

Whereupon, it is adjudged by the Court, that the judgment of the Court below be affirmed.