CASE 73—PETITION EQUITY—JANUARY 30.

# Atchison v. Atchison's Ex'rs.

APPEAL FROM BATH CIRCUIT COURT.

DESCENT AND DISTRIBUTION—RIGHTS OF ADOPTED CHILDREN AND OF
WIDOW.—Where husband and wife, by a petition filed in the circuit court, adopt a person as their child, as provided by section 17, of chapter 31, General Statutes, he has the same rights, under the

statutes of descent and distribution, as if he were, in fact, the child of the petitioners, and he is to be so regarded in determining the rights of the adoptive mother as widow. Therefore, in the distribution of the adoptive father's estate, the widow is entitled to only one-third of the surplus personalty, although the intestate may have left no child, except by adoption, the adopted child or his children being considered as issue under that clause of the statute providing, as to surplus personalty, that "if the intestate leaves issue, his widow shall have one-third; and, if no issue, one-half of such surplus." And this is true, where the adoptive father has left a will, and the widow has renounced its provisions, as well as where he has died intestate.

A. DUVALL AND R. GUDGELL FOR APPELLANT.

1. The statute regulating the adoption of children does not convert the *adopted* child into an *actual* child of the adopter; and, therefore, under the statute, which provides that if an intestate leaves *issue*, his widow shall have one-third, and, if no issue, one-half, of the surplus of the intestate's personal estate, an adopted child of the intestate is not embraced by the word "issue;" and, if the intestate leaves only an *adopted* child, the widow takes one-half of the surplus. (General Statutes, chapter 31, section 11; *Idem*, chapter 31, section 17; Brightly's Purdon's Digest, 214; Commonwealth v. Nancrede, 32 Pa. St., 389; Schafer v. Enen, 54 Pa. St., 304; Ragan v. Gerahty, 101 Ill., 26; Barnes v. Allen, 25 Ind., 222; Humphries v. Davis, 100 Ind., 274.)

   The cases of Power, &c., v. Hafley, &c., 85 Ky., 671; Tinker v. Ringo's Ex'rs, 10 Ky. Law Rep., 120; Draine, &c., v. Violette, &c., 2 Bush, 155, commented on.

2. The word issue includes only the "lawful lineal descendants of the ancestor." (General Statutes, chapter 21, sections 17, 21.)

J. J. NESBITT FOR APPELLEE.

1. Under our statute regulating the adoption of children, the children of the child adopted stand in the relation of grand-children to the adopting parent, and have the same rights, under our statutes of descent and distribution, as if they were, in fact, grand-children. (Power v. Hafley, &c., 9 Ky. Law Rep., 371; Humphries v. Davis, 100 Ind., 280; Barnes v. Allen, 25 Ind., 252; Bunage v. Briggs, 120 Mass., 103; Ross v. Ross, 129 Mass., 243; s. c., 37 Am. Rep., 321.)

2. The word "issue," in our statutes, is not necessarily confined to children born in lawful wedlock; but includes that class of persons capable of inheriting real estate under our statutes. (Draine, &c., v. Violette, &c., 2 Bush, 156.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

By section 17 of chapter 31, General Statutes, "Any person twenty-one years of age may, by petition filed in the circuit court of the county of his residence, state in substance that he is desirous of adopting a person and making him capable of inheriting as heir-at-law of such petitioner, and said court shall have authority to make an order declaring such person heir-at-law of such petitioner, and, as such, capable of inheriting as though such person were the child of such petitioner; but no such order shall be made if the petitioner be a married man or woman, unless the husband or the wife join in the petition."

Under this statute James Atchison and his wife, Charlotte, adopted Mary Ann Myers heir-at-law, and, as such, capable of inheriting as though she were the natural child of Jesse and Charlotte Atchison. Atchison and his wife had no children, but undertook the care and custody of this adopted daughter. The daughter married one Anderson, and had by him one child named W. S. Anderson. She died in the lifetime of her father, Jesse Atchison, leaving her son surviving her. In the year 1887 Jesse Atchison died; leaving a last will, by which he disposed of his entire estate. He devised to the son of his adopted daughter a valuable tract of land, and the balance of his estate he gave to his collateral kindred, restricting his widow by the provisions of his will to that portion of his estate to which she was entitled under the statute. The widow renounced the provisions of the will, and claims as there was no issue born of the marriage she

is entitled to one-half of the personalty, the statute providing, as to personalty, that "if the intestate leaves issue, his widow shall have one-third, and, if no issue, one-half of such surplus." The executors and devisees brought this action, asking to be advised as to the manner of distribution, and the court below held that the act of adoption precluded the widow from a greater interest than one-third of the surplus personalty, and from that judgment she has appealed.

It appears from the petition filed by the appellant and her husband in 1877 that both husband and wife desired to recognize as their child Mary Ann Myers, and to make her capable of inheriting as though she were their natural child. For this purpose, and no other, the petition was filed, and the child became entitled to inherit as if she had been their natural offspring. The mode of descent and distribution is regulated by the statute, under which all of these parties would have taken if there had been no will, and when the adoptive father dies intestate the child, inheriting as if, in fact, the child of the decedent, can take in no other mode than that pointed out in the statute. What interest, then, has the widow of the adoptive father in her husband's estate? If he left a child to inherit his estate, then the widow, in distributing the personalty, would be entitled to one-third of the surplus, and, if no children, to the one-half. In determining the extent of the widow's interest in the personalty, regardless of the statute, the word *issue* has always been construed to mean a child or children, or their descendants, born of the marriage, and capable of taking at the death of the

intestate; but the statute in question has intervened, and, on the application of both husband and wife, the adopted child is made to inherit in the same manner as if a child in fact. It is insisted, however, that this can not be, for the reason that it disturbs the marital rights of the wife by lessening her interest in the estate of the husband in the event she survives him. This argument would apply with much force if the wife had not united in the petition consenting to the proceeding, and, in fact, asking that the child be made capable of inheriting from both herself and husband. The statute, in fact, requires the consent of both husband and wife where either the one or the other seek to avail themselves of its provisions. This is required that both may fully understand the nature of the rights they are conferring on the child, and their obligation to care for and maintain it as if their own offspring. The case of Barnes, &c., v. Allen and others, reported in 25 Ind., 222, is not decisive of this case. Under that statute the wife was not required to be made a party to the proceeding by the husband. The children were the adopted heirs of the father, and could inherit only such part of the estate as he could deprive the wife of by the act of adoption. The wife had rights as well as the child, and the law of descent was not changed by the statute, or by the judgment of adoption, so as to deprive the wife of her distributable part of the estate. Here the child claiming is the adopted child of husband and wife, each invoking the aid of the statute that she might inherit, not a part of the estate of each, but such as, by the law

of descent and distribution, a natural-born child would inherit.

In the case of Power v. Hafley, reported in 85 Ky., 671, the Legislature, by an enactment, at the instance of Frederick Hafley, made Sylvania Floyd his legal heir, and invested her with the right to take and hold his estate by descent as if she were his natural child. This court said, by reason of this enactment, Sylvania "was made a full legal heir, and was placed on precisely the same footing, so far as taking Hafley's property by descent was concerned, as a natural child." In that case Sylvania married, and died, leaving children; and, after her death, the adopted father died intestate; and, in a controversy between the widow and the children of Sylvania, this court held that, by the event of adoption, the child stood in the same light as a child born in lawful wedlock, and that her children inherited from their grandfather, and stood in that relation to him.

In the case of Humphries v. Davis, 100 Ind., 369, the child, being adopted by the husband and wife, inherited land from the adoptive mother, and died without children. It was held, that the surviving husband and adoptive father would inherit the land in preference to the natural mother.

In Ross v. Ross, 129 Mass., 243, a child was adopted in one State and removed, with the one adopting him, to the State of Massachusetts, where the same law prevailed. The court held that the child, being entitled to inherit real estate at the place of adoption, could inherit, in the same way, real estate in Massachusetts. The adoption, as authorized by our statute, gives the

one adopted the status of a child, with all the capacity to inherit that it would have if, in fact, the child of the one adopting it. This is the plain ruling of this court in Power v. Hafley.

It is argued, however, that the adoptive parent, in this case, did not die intestate, and that this controversy is not between the child and its mother by adoption, but between the widow and the residuary devisees; and, therefore, there is no reason for applying the doctrine stated in Power v. Hafley. As to the widow, who renounced the provisions of the will, the devisor must be regarded as having died intestate, for the will, as to her, can, in nowise, affect her rights; and, by renouncing its provisions, she obtained, under the statute, only what she would have been entitled to if no will had been made. If the child had been the offspring of Atchison and his wife, and the devisor had made the same will, the widow, renouncing its provisions, she would have been only entitled to one-third of the personalty after payment of debts, &c. So it is manifest, if the adopted child is made to occupy the legal status of a natural born child, the widow, who has made it capable of inheriting, in conjunction with her husband, can not well say that it inherits only a part of what the husband owned, and that certain provisions of the statute of descents and distribution have no application to this case.

In our opinion, the widow is entitled to only one-third of the personalty; and the chancellor below so adjudging, that judgment is affirmed.