## Pyle v. Fischer.

May 9, 1939.

STANLEY BRIEL for appellant.

CYRIL C. SEHLINGER for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, R. L. Pyle, is appealing from a judgment in which it was directed that he specifically perform a contract for the purchase of a tract of real estate in Louisville, Kentucky, from the appellee, John Fred Fischer. In seeking specific performance of the contract Fischer alleged that he claimed title to the property in question by reason of his being the adopted son of Mary E. Fischer under judgment of the Clark circuit court, Clark County, Indiana. It was set forth also that Mary E. Fischer left surviving her no husband; that at one time she was married to Fred C. Fischer, but that he was granted an absolute divorce from her in the Clark circuit court, Clark County, Indiana. It was further alleged that Mary E. Fischer died intestate, a resident of Louisville, Jefferson County, Kentucky, in August, 1937, possessed of the property in question. It was set forth also that the appellee was more than 21 years of age, and was under no disability. Mary E. Fischer left surviving her no heirs other than the adopted child, the appellee herein. Mary E. Fischer and Fred C. Fischer were also known as Mary E. Fisher and Fred C. Fisher, and John Fred Fischer was also known as John Fred Fisher and Lloyd Rankin Fisher. The trial court overruled both the general and the special demurrers which the appellant filed to the petition.

The parties stipulated that the proceeding under which the appellee was adopted by Mary E. and Fred C. Fischer in Indiana was in substantial compliance with the Indiana law. The record shows further that Mary E. Fischer was given the care and custody of the adopted child (appellee) when Fred C. Fischer obtained a divorce from her. There is included in the record also a copy of the deed under which Mary E. Fischer became the owner of the property in question.

The sole question for determination is whether the appellee is the owner of the property under the Kentucky statutes of inheritance by reason of the judgment of adoption in the Indiana court.

The majority rule as to the extraterritorial effect of adoptions is set out in 1 Am.·Jur., page 668. A number of cases are cited in support of this rule. The rule is:

> "The general rule, subject to exceptions hereinafter noted, is that the status acquired by adoption in one state will be recognized in another, and the rights of the child to inherit will be given effect as to property located in the latter state, provided such rights are not inconsistent with those incident to the status of adoption created in such state, or with the laws and policy of such state. * * *"

For the minority rule, which holds that a statute relating to adoption has no extraterritorial operation, at least so far as concerns the descent of land in another state, see 1 Am. Jur., page 671, and also the case of Brown v. Finley, 157 Ala. 424, 47 So. 577, 21 L. R. A., N. S., 679, 131 Am. St. Rep. 68, 16 Ann. Cas. 778. See also 2 C. J. S., Adoption of Children, Section 66, p 459.

The applicable section of Burns' Indiana Statutes, 1933, is vol. 2, Title 3, chapter 1, section 3-103, which reads:

> "Such court, when satisfied that it will be for the interest of such child, shall make an order that such child be adopted, and from and after the adoption of such child, it shall take the name in which it is adopted and be entitled to and receive all the rights and interest in the estate of such adopting father or mother, by descent or otherwise, as such child would if the natural heirs of such adopting father or mother: Provided, however, That should such adopted child die intestate, without leaving wife or husband, issue or their descendants, surviving him or her, seized of any real estate or owning any personal property which may have come to such child by gift, devise or descent from such adopting father or mother, such property, so coming to such adopted child, shall, on its death, descend to the heirs of said adopting father or mother the same as if such child had never been adopted."

Section 2071 of the Kentucky Statutes provides:

> "Any person twenty-one years of age, may, by petition filed in the circuit court of the county of his residence, state, in substance, that he is desirous of

adopting a person, and making him capable of inheriting as heir-at-law of such petitioner; and said court shall have authority to make an order declaring such person heir-at-law of such petitioner, and as such, capable of inheriting as though such person were the child of such petitioner; but no such order shall be made if the petitioner be a married man or woman, unless the husband or wife join in the petition.''

Under this section an adopted child may be given the same rights under the statutes of descent and distribution as if he were in fact the child of the petitioners. Atchison v. Atchison's Ex'rs, 89 Ky. 488, 12 S. W. 942, 11 Ky. Law Rep. 705; Villier v. Watson's Adm'x, 168 Ky. 631, 182 S. W. 869, L. R. A. 1918A, 820.

We see, therefore, that the rights of descent and distribution given to an adopted child under the Indiana statutes are not inconsistent or in conflict with the laws or policies of Kentucky. It is our view that the majority rule as to the extraterritorial effect of adoptions is the better rule, and we are disposed to follow it in the case at bar. Furthermore, it was held in the case of Moore v. Smith, 228 Ky. 286, 14 S. W. (2d) 1072, that the adoption of a child, which was legal in Colorado, was legal in Kentucky. We have noted that it is agreed that the adoption of the appellee, John Fred Fischer, by Mary E. and Fred C. Fischer, was valid in Indiana. It follows, therefore, that the adoption of John Fred Fischer should be, and it is, recognized as legal in this state, and that he inherited the property in question from Mary E. Fischer upon her death.

It is our conclusion, therefore, that the chancellor properly adjudged that the appellant, R. L. Pyle, specifically perform his contract with John Fred Fischer for the purchase of the property.