WATSON *v.* WATSON.

No. 17642. ARGUED OCTOBER 9, 1951—DECIDED NOVEMBER 14, 1951.

*Jesse T. Edwards,* for plaintiff in error.

*Franklin, Eberhardt & Barham,* contra.

CANDLER, Justice. W. E. Watson, a resident of Lowndes County, died January 30, 1951. His wife, Ellen Watson, predeceased him. They left no child or children of natural birth, or descendant thereof. On March 6, 1951, Martha Ann Usher filed a petition in the Court of Ordinary of Lowndes County to probate an instrument which she offered as W. E. Watson's last will and testament, and in which she was named sole beneficiary. Her petition for probate alleged that the decedent's next of kin were Thomas Watson, Bama Watson, Hattie Watson, Press Watson, M. Eugenia Watson, and Walter Edward Watson. She gave Thomas Watson's address as 578 Walnut Street, Memphis, Tennessee, and Walter Edward Watson's as Beverly Hills, California. She prayed that the instrument offered as the will of W. E. Watson be probated in solemn form, and for letters of administration with the will annexed. By citation, which was duly published in the official gazette of Lowndes County, all persons interested in the estate of the deceased were notified to show cause at the April term, 1951, of that court why the prayers of her petition should not be granted. Thomas Watson filed a caveat, in which he objected to probate and alleged that the instrument so offered was a forgery; that the propounder was not entitled to letters of administration with the will annexed, as she had no interest in his estate as legatee, next of kin, creditor or otherwise; that he was the sole heir at law of the deceased; and that, as such sole heir, he was legally entitled to represent the estate as administrator and have letters of administration issued to him as such. He prayed that probate of the instrument so offered be refused and that he be appointed administrator. There was no other response to her petition. The issue made by the propounder's petition and by the caveat was heard by the

ordinary on April 4, 1951, and from the evidence introduced by the parties it was found and by judgment declared that the instrument offered for probate was a forgery; that the deceased died intestate; and that the caveator, Thomas Watson, as a brother of the deceased, was his sole heir at law. On the same day the caveator was appointed administrator of decedent's estate, and qualified by taking the usual oath and giving bond. No appeal was entered. As such administrator, he later applied for leave to sell his intestate's land, was granted authority to do so, and advertised it for sale at public auction on the first Tuesday in June, 1951.

On May 30, 1951, Walter Edward Watson filed an equitable suit in the Superior Court of Lowndes County, Georgia, against Thomas Watson and against T. N. Holcombe Jr., in his official capacity as Ordinary of Lowndes County. He prayed that the judgment appointing Thomas Watson administrator of W. E. Watson's estate be set aside; that the letters of administration issued to him as such be revoked and canceled; that the defendant Watson be enjoined from selling the decedent's land; and that the defendants be enjoined from proceeding further with the administration of W. E. Watson's estate. Insofar as it is material here, his petition alleges: The plaintiff was legally adopted by W. E. Watson and his wife Ellen Watson, on May 23, 1928, in Mobile County, Alabama, where they then resided. As an adopted son, he was the sole and only heir at law of W. E. Watson at the time of his death, and the defendant Watson then had actual knowledge of that fact. He resided in California when the defendant Watson was appointed administrator of his foster father's estate. His failure to respond to the probate proceeding was due to the fact that he was not personally served, did not receive a copy of the official gazette in which the ordinary's citation appeared, and had no notice or knowledge of the proceeding until after the judgment appointing Thomas Watson administrator was rendered. The defendant Thomas Watson's representation to the court of ordinary that he was the sole heir at law of W. E. Watson was untrue and knowingly false and fraudulent, and was made by him with an intent to defraud the plaintiff as such sole heir at law of W. E. Watson, and for the purpose of practicing a fraud upon the court of ordinary.

The defendant Watson was not an heir at law of W. E. Watson, had no legal right under § 113-1202 of the Code of 1933 to be appointed administrator of his estate, and the order appointing him as such is for that reason null and void.

By an amendment to his petition, the plaintiff also alleged: The legislature of Alabama in 1911 passed an act (Alabama General Acts of 1911, p. 114), subsequently embodied in the Alabama Code of 1923 as § 9302, which provides: "Any person desirous to adopt a child so as to make it capable of inheriting his estate, real and personal, or to change the name of one previously adopted, may make a declaration in writing, attested by two witnesses, setting forth the name, sex and age of the child he wishes to adopt, and the name he wishes it thereafter to be known by, which, being acknowledged by the declarant before the Judge of Probate of the county of his residence, filed and recorded as in the two preceding sections, has the effect to make such child capable of inheriting such estate of the declarant, and of changing its name to the one stated in the declaration; but if it is desired to adopt such child only for the purpose of changing its name as above provided and of educating and maintaining such child, the declaration shall expressly state that such child shall not inherit the estate of the declarant." Pursuant to the quoted provisions of § 9302 of the Alabama Code of 1923, and in strict compliance therewith, the deceased W. E. Watson and his wife Ellen Watson, on May 23, 1928, filed a declaration in the probate court of Mobile County, Alabama, in which it was alleged: "W. E. Watson and Ellen Watson, of the County and State aforesaid, being desirous of adopting a male child named Walter Edward Horne, aged about 6 months, so as to make said child capable of inheriting our estate both real and personal in all respects the same as though he was our heir at law; Do therefore, hereby publicly declare that we have adopted and that by these presents we do adopt the said child as our own child, and we do hereby declare that it is our desire that said child should no longer be named and called Walter Edward Horne, but that his name shall be changed so that hereafter he shall bear and be known by the name of Walter Edward Watson." A complete copy of the aforesaid adoption proceeding was attached to the amendment as an exhibit, and

shows that the declaration, as made by the declarants, was attested by two witnesses, Vera Henderson and Agnes Demouy; that it was duly acknowledged by the declarants before P. Williams, judge of probate in the county of their residence; that the adoption was consented to by Eliza Horne, the mother of Walter Edward Horne; and that the proceeding, after being filed, was duly recorded in Minute Book 57, at pages 413-414, of the Probate Court of Mobile County, Alabama, as required by the Alabama statute.

General demurrers were interposed by the defendant Thomas Watson to the original petition, and renewed to it as amended. They were overruled and the exception is to that judgment.

It is argued by counsel for the plaintiff in error that the petition as amended should have been dismissed on general demurrer, because (1) it is a collateral attack by the plaintiff upon a judgment rendered by a court of competent jurisdiction; (2) the adoption declaration filed in the Probate Court of Mobile County, Alabama, on May 23, 1928, by W. E. Watson and his wife, Ellen Watson, shows on its face that it is null and void, and no legal adoption of the plaintiff resulted therefrom, since it was not attested by two witnesses as required by the Alabama statute; and (3) the Alabama adoption statute of 1911 has no extraterritorial effect, and for that reason a child adopted there has no right of inheritance under the law of descent and distribution in the State of Georgia. These three questions are properly raised by the demurrer, and will be dealt with and disposed of in the order of their statement.

1. There is no merit in the contention that the amended petition cannot be maintained and should have been dismissed on general demurrer because it attacks collaterally a judgment rendered by the court of ordinary, a court of competent jurisdiction. The Code, § 37-219, declares: "The judgment of a court of competent jurisdiction may be set aside by a decree for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." Under this section of our Code, it has been held that a judgment rendered by the Supreme Court in consequence of fraud may be set aside in a court of equity. *Wade* v. *Watson*, 133 *Ga.* 608 (66 S. E. 922). And this court has frequently held that a judgment of

the court of ordinary, granting permanent letters of administration to one who is not entitled to them under the provisions of § 113-1202 of the Code of 1933, may be set aside in a direct proceeding in equity at the instance of an heir at law, on the ground that it was falsely and fraudulently represented in the application for letters of administration that the applicant was next of kin to the decedent. *Wallace* v. *Wallace,* 142 *Ga.* 408 (2) (83 S. E. 113); *Jackson* v. *Jackson,* 179 *Ga.* 696 (2) (177 S..E. 591); *Bowers* v. *Dolen,* 187 *Ga.* 653 (1 S. E. 2d, 734). And the fact that citation was duly published by the ordinary does not in this case prevent the plaintiff from asking that the judgment appointing the defendant Watson as administrator be set aside, it being alleged that the plaintiff was not personally served and had no notice or knowledge of the proceeding in the court of ordinary until after such judgment was rendered. See *Jue* v. *Joe,* 207 *Ga.* 119 (60 S. E. 2d, 442) and the cases there cited.

2. The position taken by the defendant that no legal adoption of the plaintiff by W. E. Watson and his wife, Ellen Watson, resulted from the declaration filed by them in the Probate Court of Mobile County, Alabama, because it was not attested by two witnesses as required by Alabama's law, is untenable and refuted by the record. Their declaration, a copy of which is a part of the record, recites: "In testimony whereof, we have hereunto set our hands and seals in the presence of Vera Henderson and Agnes Demouy, attesting witnesses hereto, in the City of Mobile, this 23rd day of May, A. D. 1928." The mother's consent to the adoption of the plaintiff contains a like attestation clause, and of the same date and with the same attesting witnesses. Following both, is an entry by the attesting witnesses composed of the words, "Made and signed in the presence of," which Vera Henderson and Agnes Demouy both signed on May 23, 1928. The makers' signatures to the declaration were duly acknowledged by them, on May 23, 1928, before P. Williams, Judge of Probate, Mobile County, Alabama. As so made, attested, acknowledged, and consented to, the declaration was ordered to record on the date of its execution by the judge of probate in the county of the declarants' residence, and properly recorded in Minute Book 57 at pages 413, 414. Consequently, the amended petition with its exhibits sufficiently shows that the declaration

was attested by two witnesses as required by Alabama's adoption statute. But, if the Alabama adoption proceeding here involved were defective or irregular for the reason assigned and urged, W. E. Watson, if in life, would be estopped to question its validity on that ground, and the defendant, Thomas Watson, as one claiming under him, is likewise estopped from attacking its validity on a ground which the adoptive father could not himself assert. *Mulligan* v. *Mulligan,* 201 *Ga.* 444 (39 S. E. 2d, 699), and the several cases there cited, including Davis *v.* Wakelee, 156 U. S. 680. Accordingly, it cannot be said by this court that the amended petition failed to state a cause of action for the reason just dealt with.

3. We have held in the preceding division of this opinion that the allegations of the amended petition sufficiently show that the plaintiff was legally adopted by the deceased in the State of Alabama; but it is, nevertheless, argued by counsel for the plaintiff in error that the petition as amended still fails to state a cause of action for any of the relief sought, and should have been dismissed on general demurrer, because a child adopted in Alabama, though adopted in conformity with the applicable statutes of that State, has no right resulting from a status so created to inherit his intestate foster father's property located in this State, though the adoptive parent was a resident of Georgia at the time of his death. To this we do not agree. The status acquired by adoption, like that acquired by marriage, is a personal one, and its validity is conclusively determined by the law of the State creating it (*Spann* v. *Edwards,* 139 *Ga.* 715, 77 S. E. 1128); and if validly created there, it will be recognized and given effect here, though the procedure by which it was created under the foreign law is different from that required here. See, in this connection, 15 C. J. S. 924, § 16 (g); 1 Am. Jur. 667, § 66; Ross *v.* Ross, 129 Mass. 243 (37 Am. R. 321); Shaver *v.* Nash, 181 Ark. 1112 (29 S. W. 2d, 298, 73 A. L. R. 961); In re Osborne, 205 N. C. 716 (172 S. E. 491); McNamara *v.* McNamara, 303 Ill. 191 (135 N. E. 410); Pyle *v.* Fischer, 278 Ky. 287 (128 S. W. 2d, 726); Smith *v.* Mitchell, 185 Tenn. 57 (202 S. W. 2d, 979). The American Law Institute states the rule as follows: "The status of adoption, created by the law of the state having jurisdiction to create it, will be given the same effect in another

state as is given by the latter state to the status of adoption when created by its own law." American Law Institute's Restatement of the Law of Conflict of Laws, § 143. Applying this rule in the instant case, we hold that the plaintiff's Alabama-created status as an adopted child of the deceased must be fully recognized in this State and given the same effect in all respects which we accord to the status of adoption when validly created by our own law; and, since under our statute of descent and distribution legally adopted children inherit from the adopting parent as natural children (Code, § 113-903; Ga. L. 1941, p. 300; Code, Ann. Supp., § 74-414; Ga. L. 1949, p. 1157), it necessarily follows that the allegations of the petition as amended show that the plaintiff is the sole and only heir at law of the deceased, and that the defendant Watson is therefore neither an heir at law of the deceased nor a person authorized to represent his estate as administrator under our rules for granting letters of administration.

It follows from what has been said above that the judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*