**Emory RADER, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 543.**

United States District Court
E. D. Kentucky,
at Jackson.

April 26, 1966.

Edward Jackson, Beattyville, Ky., Paul E. Hieronymus, McKee, Ky., for plaintiff.

George I. Cline, U. S. Atty., F. P. Farmer, Asst. U. S. Atty., for defendant.

HIRAM CHURCH FORD, Senior District Judge.

This is an action filed by the plaintiff, Emory Rader, of Beattyville, Ky., on May 7, 1965, pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), seeking to have the Court set aside and reverse the action of the Appeals Council of March 15, 1965, and to affirm and reinstate the decision of the Hearing Examiner, Frank S. Gillespie, of July 27, 1964, which held that Anita Jo Rader, the alleged adopted child of the plaintiff, is entitled to child's insurance benefits under the Social Security Act, as amended.

In his decision of July 27, 1964, Mr. Gillespie, the Hearing Examiner, made the following statement of facts, with his findings and conclusions based thereon:

"The claimant and wage earner in the year 1957 was living in Cincinnati, Ohio, with his wife and stepdaughter, age 15. He had resided in Ohio for a number of years, having divorced his first wife in Cincinnati, Ohio, in 1949 and remarried his present wife in November of 1950. His stepdaughter while unmarried became pregnant and before the birth of the child in 1957, it was agreed between them that all expenses and hospital care would be paid by the wage earner and the child would be his and his wife's. It would take the name of the wage earner and he and his wife would have the care and custody of her. Anita Jo Rader was born to the stepdaughter on June 28, 1957. On the fourth day after her birth she was taken by the claimant and his wife and she has remained in their care and custody continuously to the present. After the child's birth the stepdaughter returned to the home of the claimant where she stayed until she was able to get employment. She has since married and her present name is Shelby Jean Willman. She resides in Cincinnati, Ohio. It was agreed after the child's birth that the claimant and his wife should have the child as their own and that they would adopt the child.

"In November, 1960, while the claimant was working for the Stacy Manufacturing Company, Cincinnati, Ohio, he became disabled by reason of a respiratory condition. On March 22, 1961, he filed an application for a period of disability and disability insurance benefits. On his application he stated that Anita Jo Begley was born June 28, 1957, an illegitimate child of his stepdaughter; that he and his wife have had custody of her and they have supported her since her birth; that her natural mother does not live with them and she was willing for the adoption of her. He stated they did not have the money for adoption of the child and that was the reason they had not done this. Since the child was given to them she has been continuously in their custody. (Exhibit No. 14).

"A report of contact dated April 6, 1961, states that the wage earner, Emory R. Rader, Cincinnati, Ohio, was interviewed and the question of equitable adoption had been raised on his application. The district office employees were deferring development of the matter pending final determination of disability for the wage earner. Section 6146 of the Claims Manual was cited as authority for this action and the report of contact was signed by a claims representative. (Exhibit No. 15).

"The claimant was notified of denial of his claim on September 28, 1961. He requested reconsideration of that denial on April 4, 1962, and at that time he was living in the state of Kentucky, Route 1, Beattyville, Kentucky. On May 24, 1962, a determination of disability was made finding the claimant was disabled from December 31, 1960. An award of benefits was made to the claimant on June 14, 1962, awarding him monthly benefits of $104 monthly from July 1961. On September 22, 1962, the Hazard District Office claims representative prepared and sent a request to the Payment Center, Baltimore, Maryland, stating that the wage earner's disability insurance benefits were approved in June of 1962, effective from July 1961, and on his application he listed a child of his stepdaughter who was living in his house-

hold. It mentioned a possibility of equitable adoption but nothing further had been added to the file. It stated from varied information the possibility seems remote but please forward any development you may have. There is noted on the back of this request, "NO ACTION NECESSARY" October 8, 1962.

"On September 4, 1963, an application for wife's insurance benefits, Form OAC2 and Form OAC3, the husband's certification was filed. On the wife's application it was stated that the child was living with them and was adopted on August 31, 1963. An application for child's benefits signed by Sophia Rader, Beattyville, Kentucky, dated September 4, 1963, showing that Anita Jo Rader, born June 28, 1957, had been adopted on August 31, 1963. Additional proofs of marriage and an adoption decree showing Anita Jo had been adopted by the claimant in the Lee County Circuit Court on August 31, 1963. The claim for wife's benefits and her claim for child's benefits for Anita Jo were denied on September 20, 1963. The wage earner requested a reconsideration of that denial on November 20, 1963. He was notified of that denial on January 3, 1964. The claimant then requested a hearing.

"A field office record, Exhibit Number 16, showed that the record was prepared on March 22, 1961 in Cincinnati, Ohio. This record listed a wife and adopted daughter which item appears to have been entered at a later date because it showed adoption August 31, 1963. Remarks of this record stated, "POT. HC1—Development Nec." which means potential entitlement of child, development necessary. On March 22, 1961, a notation stated thet the wage earner was laid off in October 1960 and his condition became worse. 'Claimant does not think he could return to work. He has an illegitimate daughter, 4 years old, Anita Jo Begley, June 28, 1957, of stepdaughter living with him. He has had the child since birth. Stepdaughter is willing for him to adopt but he has not had money.' On October 1, 1962, the following record was made on Exhibit 16 by district office: 'Received request of assistance from Baltimore Payment Center, DIB approved June 1962, effective July 1961, on wage earner's claim listed child of his stepdaughter who was living in his household and application mentioned possibility of equitable adoption development, 4–6–61 but nothing further has been added to the file from our information possible development seems remote but please forward any development you may have.' On October 3, 1962, a notation was made of no legal adoption. On September 11, 1963, a notation was made on Exhibit 16 by the district office employee as follows: 'A statement secured from the wage earner shows that Anita Jo Rader had been with him since four days after her birth. She had been with him ever since and when he filed for disability benefits he advised that he was in the process of adopting Anita Jo but adoption did not become effective until August 31, 1963. Prepare disallowance form child not adopted within two years time limit, wife was not entitled.' On January 10, 1964, a notation was made on Exhibit 16 that reconsideration determination was received and Anita Jo, the child, was not found a dependent under the law. On February 27, 1964, a notation was made on Exhibit 16 as follows: 'Wage earner states that Judge Beatty said that it was his fault that the adoption did not come through at an earlier date. He said he would have the date set back in the adoption to July of 1963.'

"A statement by Mrs. Emory Rader, wife of the wage earner, states that Anita Jo was born to her daughter who was a little over 15 years of age. She couldn't support the child or pay for its hospital or doctor. The bills were paid by her and the wage earner and it was agreed that they could have the baby. Anita Jo was brought from the hospital when she was three days old and continued in the care and custody of

her and the wage earner. Anita Jo has been adopted and has always been known as her daughter. Shelby Jean Willman, her daughter, signed the adoption papers and Anita Jo does not know that she and the wage earner are not her real parents. (Exhibit 12).

"A statement by Shelby Jean Willman states that she was 16 years old when Anita Jo was born and at the time she had no income to pay her bills. Her mother and stepfather took care of them. Anita Jo has since she was four days old been taken care of by them and has now been adopted by them. She is now married and has two children of her own. (Exhibits No. 13 and 17).

"The claimant clearly shows his intent to file an application for child's benefits for Anita Jo Rader by his statement on his application for disability benefits. The statement may be deemed to be the filing of an application for child's benefits in as much as it meets the requirements as set forth in Regulations No. 4, Section 404.613(b) (c). The regulations state that a written statement filed by a person other than the claimant indicating an intention to file a claim on behalf of another person for monthly benefits may be deemed an application if the claim is filed by a proper party and the statement bears his signature. The claimant is a proper party to execute an application on a prescribed form on behalf of the claimant. The prescribed application form was filed. There was no six months notice sent by the Social Security Administration as provided in subparagraph (c) of the regulation. It is, therefore, the finding of the Hearing Examiner that the claimant filed a valid application on March 22, 1961, for Anita Jo Rader while he was domiciled in the State of Ohio. Regulation No. 4, Section 404.1102, definition of domicile provides that domicile means the place where the individual's true fixed and permanent home is located.

"The State of Ohio recognizes the doctrine of equitable adoption under Ohio law, contract to adopt, supported by consideration, is basic requirement for 'equitable adoption' and such consideration may consist of permanent relinquishment of custody of child. Under Ohio law a contract to adopt will be enforced. The contract may be expressed (written or oral) or it may be inferred provided the evidence from which its existence is inferred is not compatible with some arrangement other than a contract to adopt.

"The testimony of the claimant, the statements of his wife, and the statements of the natural mother of the child clearly shows there was an oral or an implied contract for the adoption of Anita Jo Rader shortly after her birth in the year of 1957. The requirements of Social Security Regulations No. 4, Section 404.713 for evidence of a contract to adopt has been fully met. That the laws of the State of Ohio shall govern in this case is clearly shown in Regulations No. 4, Section 404.1101 which states relationship is determined by the applicable state law. By this it is meant the law of the state of the domicile of such insured individual would apply in deciding who is a child of such individual. The domicile of such insured individual, if living, is determined as of the date the applicant filed application for benefits. The Hearing Examiner finds that laws of the State of Ohio are applicable as to whether or not Anita Jo Rader is the adopted child of the claimant.

"The Hearing Examiner finds that Anita Jo Rader has lived in the home of the claimant and his wife continuously since she was four days old and has been supported by them; that she bears the name of the claimant; that the natural mother of the child gave custody of the child to the claimant and his wife with an oral or implied understanding that they were to adopt the child with no conditions attached and such contract was binding and enforceable. The Hearing Examiner further finds the claimant's acts of going through an adoption procedure in the State of Kentucky affirms what had

been accomplished in the State of Ohio and could not take away the benefits that Anita Jo Rader was entitled to by the adoption and filing of the claim in the State of Ohio. The Hearing Examiner finds that the laws of Ohio governed in this case and the laws of Kentucky have no bearing and are not applicable.

"The evidence clearly shows the claimant and his wife equitably adopted Anita Jo Rader while he was domiciled in the State of Ohio. He filed an application for benefits for Anita Jo Rader while he was domiciled in the State of Ohio. It is the finding of the Hearing Examiner that Anita Jo Rader is the adopted child of Emory and Sophia Rader and that she has been their child by adoption since the year 1957.

"It is the decision of the Hearing Examiner that Anita Jo Rader is entitled to Child's Insurance Benefits on the basis of the application filed by Emory R. Rader on March 22, 1961." (Tr. 16–19).

In the opinion of the Appeals Council is the holding that "Anita Jo Rader is not entitled to child's insurance benefits" under the Social Security Act for the reason that she does not meet the dependency requirement of section 202(d) (1) (C) of the Social Security Act, as amended. (Tr. 9). However, in the body of the opinion filed by the Appeals Council, we note the following statement:

"The Appeals Council has considered the possibility that the dependency requirement of section 202(d) (1) (C) of the Act might be met in this case if it were established that Anita Jo Rader had been 'equitably adopted' by the wage earner and his wife at some time prior to the beginning of the wage earner's period of disability (January 1, 1961) or prior to the month when he became entitled to disability insurance benefits (July 1961). If such adoption did occur Anita Jo would have the status of a 'child' of the wage earner within the meaning of the sections 216(e) and 216(h) (2) (A) of the Social Security Act, as amended, at both points

of time specified in section 202(d) (1) (C) of the Act for establishing dependency in this case. However, the doctrine of equitable adoption is not generally recognized in Kentucky and it is the opinion of the Appeals Council that, except with respect to a contract by a natural parent to make his illegitimate child his heir, contracts to adopt or to make someone an heir will not be given effect in Kentucky whether such contracts are made in that State or in another State, at least with respect to the devolution of his intestate personal property of its own domiciliaries. Since the intestacy laws of Kentucky are applicable in the instant case in determining the legal relationship of Anita Jo to the wage earner, her status as a child of the wage earner cannot be established on the basis of an 'equitable adoption' whether attempted in Kentucky or in some other State." (Tr. 7–8).

The Appeals Council cites no Kentucky authority for the broad statement that "the doctrine of equitable adoption is not generally recognized in Kentucky". (Tr. 7).

In Pyle v. Fischer, 278 Ky. 287, 290, 128 S.W.2d 726, 727, the Court said:

" * * * It is our view that the majority rule as to the extraterritorial effect of adoptions is the better rule, and we are disposed to follow it in the case at bar. Furthermore, it was held in the case of Moore v. Smith, 228 Ky. 286, 14 S.W.2d 1072, that the adoption of a child, which was legal in Colorado, was legal in Kentucky. * * * "

In Edmands v. Tice, 324 S.W.2d 491, 493, the Kentucky Court of Appeals, in responding to a contention of one of the parties, said:

" * * * However, in Pyle v. Fischer, 278 Ky. 287, 128 S.W.2d 726, this Court adopted what is stated to be the majority rule, that 'the status acquired by adoption in one state will be recognized in another, and the rights of the child to inherit will be given effect as to property located in the latter state, provided such rights are not inconsis-

tent with those incident to the status of adoption created in such state, or with the laws and policies of such state.'

\* \* \* \* \* \*

"In the Restatement of the Law of Conflicts, Section 142, the proper rule is stated to be:

" 'The status of adoption, created by the law of a state having jurisdiction to create it, will be given the same effect in another state as is given by the latter state to the status of adoption created by its own law.'

"Under the Restatement rule, the Washington adoption would be given the same effect as if it were a Kentucky adoption."

In Brown's Admr. v. Brown, 308 Ky. 796, 803, 215 S.W.2d 971, 975, the Court said:

"Common law marriage is not recognized in this State, \* \* \*. But if a common law marriage is entered upon in a State where it is valid, then if the marriage is valid there, it will be treated as valid here."

In Moore v. Smith, 228 Ky. 286, 292, 14 S.W.2d 1072, 1075, the Court said:

" \* \* \* If the adoption was legal in Colorado, it is legal here."

In Davis v. Celebrezze, D.C., 239 F. Supp. 608, 611, it is said:

" \* \* \* It is well settled that an oral agreement to adopt may be shown by the acts, conduct and admissions of the parties."

In 2 Amer.Jur.2d § 13, it is said:

"It is generally recognized that one who is legally competent to adopt another as his child may enter into a valid and binding contract to do so."

There is nothing to indicate that the application of the rule above referred to would in any respect be inconsistent with or in conflict with the laws or policies of Kentucky. See Pyle v. Fischer, supra.

In the light of the foregoing authorities, the Court is of the opinion that the Appeals Council erred in holding that the doctrine of equitable adoption is not gen-erally recognized in Kentucky, and in holding that the child Anita Jo Rader is not entitled to Child's Insurance Benefits under the Social Security Act, as amended.

For the reasons indicated, the Court is of the opinion that the decision of the Appeals Council of March 15, 1965, should be reversed and set aside, and the decision of the Hearing Examiner of July 27, 1964, that the child Anita Jo Rader is entitled to Child's Insurance Benefits under the Act, should be affirmed and reinstated.

An order will be entered in conformity herewith.