29850. PHILLIPS v. GLADNEY.

JORDAN, Justice.

Gale C. Gladney, as guardian of her two minor sons, John B. Phillips, Jr., and Kenneth Ray Phillips, brought an equitable complaint for injunction and other relief

against William Lamar Phillips, as administrator of the estate of John B. Phillips, Sr., who died intestate. She alleged that the minors were the sons and sole heirs at law of the deceased; that the administrator fraudulently alleged in his application for appointment in the court of ordinary (now probate court) that he was entitled by law to be appointed administrator; that he has obtained leave to sell described personal property of the estate; and that, if the sale is allowed, items of personal property which the minors desire to keep will be sold.

Temporary restraining order against the sale of the personal property was granted.

After an interlocutory hearing, the trial judge held that under the undisputed evidence the two minors were the sole heirs of the deceased, and that the court of ordinary was without jurisdiction to appoint the brother of the deceased as his administrator. It was ordered that the letters of administration issued to William Lamar Phillips, and the order granting him leave to sell certain personal property, be declared null and void. The temporary restraining order was made permanent.

The administrator appeals from this judgment.

1. There is no dispute between the parties that the minor sons of the deceased are his sole heirs under Code Ann. § 113-903 (4). The appellee-guardian is the divorced wife of the deceased.

Where an intestate is not survived by husband or wife, the next of kin, under the laws of inheritance, is entitled to be appointed administrator, or to select a disinterested person as administrator. Code § 113-1202. Therefore, the legal right of administration was in the minor sons of the deceased. *Watson v. Warnock,* 31 Ga. 694. Where minors are the sole heirs, the right of administration, or the right to select an administrator, is in the guardian of the minors. *Myers v. Cann,* 95 Ga. 383 (22 SE 611); *Mattox v. Embry,* 131 Ga. 283 (2a) (62 SE 202).

A judgment of a probate court (formerly court of ordinary) granting permanent letters of administration to one who is not entitled to administration may be set aside in a direct proceeding in equity, instituted by an heir at law, on the ground that the application shows on

its face that the court has no jurisdiction and yet proceeds to judgment, or on the ground that the applicant falsely and fraudulently represented in his application that the facts were such as to entitle him to appointment. See *Wallace v. Wallace,* 142 Ga. 408 (2) (83 SE 113); *Stanley v. Metts,* 169 Ga. 101 (1) (149 SE 786); *Brown v. Parks,* 169 Ga. 712 (1) (151 SE 340); *Jackson v. Jackson,* 179 Ga. 696 (177 SE 591); *Bowers v. Dolen,* 187 Ga. 653 (2) (1 SE2d 734); *Watson v. Watson,* 208 Ga. 512, 515 (1) (67 SE2d 704); *Toombs v. Hilliard,* 209 Ga. 755 (1) (75 SE2d 801); *Smith v. Smith,* 230 Ga. 616 (3) (198 SE2d 307).

The petition of the appellant to the Ordinary of Wilkinson County for permanent letters of administration on the estate of John B. Phillips, Sr., alleged that he was "entitled by law to be appointed administrator of said estate, he being a brother and having been selected by the nearest adult relatives of said John B. Phillips, Sr., deceased." The petition listed as heirs at law of the deceased only the two minor sons.

This petition showed on its face that the applicant had no right to have letters of administration issued to him, because the nearest adult relatives of the deceased had no right to select an administrator, and the trial judge correctly held that the judgment appointing him was void.

2. The appellant asserts that the court erred in entering a final judgment at the interlocutory hearing declaring the grant of letters of administration void, and permanently enjoining the appellant from conducting any sale or acting in any manner as administrator.

It is argued that issues of fact were involved which could not be resolved at interlocutory hearing. The two issues of fact asserted were: (a) whether fraud was perpetrated on the Court of Ordinary; and (b) whether the appellee-guardian had actual notice of the proceeding for the appointment of the permanent administrator.

(a) The ordinary testified that he was aware of the family relationships at the time the application for appointment as administrator was made by the appellant.

The fact that no fraudulent misrepresentation was made as to family relationships by the administrator would have no effect on the validity of his appointment. His petition showed on its face that he was not entitled to

the appointment, and it was a fraud in law to obtain the appointment.

(b) At the time the application for appointment as administrator was made by the appellant, the minors had no guardian. There was evidence that the attorney who represented the appellee in obtaining letters of guardianship in another county (not the attorney representing her in the equitable action) was aware of the proceeding for the appointment of an administrator.

At the interlocutory hearing the attorney representing the appellant admitted that the minors were not represented by their guardian, or by a guardian ad litem, in the proceeding to have a permanent administrator appointed. In the absence of actual representation in this proceeding, negligence will not be imputed to them in failing to object to the appointment. Compare *Outlaw v. Outlaw,* 121 Ga. App. 284 (2) (173 SE2d 459). There was no undue delay by the guardian in challenging the right of the appellant to act as administrator.

Undisputed evidence at the hearing showed facts requiring the setting aside of the judgment granting letters of administration to the appellant, and it necessarily followed that he had no right to proceed with a sale of property of the estate.

3. The appellant points out that the equitable petition was filed on October 17, 1974, and the interlocutory hearing, which resulted in the final judgment complained of, was held on October 23, 1974. It is argued that Code Ann. § 81A-140 (a) (Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245; 1968, pp. 1104, 1108) requires that all civil cases are "triable any time after the last day upon which defensive pleadings were required to be filed therein," that the earliest date for a trial on the issues would have been November 16, 1974, and that the appellant was given no notice that the hearing was to result in a final adjudication of the matter.

Code Ann. § 81A-140 (b) provides: "The judges of any court of record may, on reasonable notice to the parties, at any time, either in term or vacation, and at chambers, in any county in the circuit, hear and determine by interlocutory or final judgment any matter or issue,

where a jury trial is not required . . ."

There is no constitutional right to trial by jury in equity cases. *Williams v. Overstreet,* 230 Ga. 112, 114 (195 SE2d 906).

At the time of the hearing in this case the appellant had filed defensive pleadings, which raised no issue of fact on the vital questions in the case. Under the circumstances of this case the trial judge was authorized to enter a final judgment after hearing the evidence presented at the interlocutory hearing.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1975 — DECIDED MAY 13, 1975.

*William Malcolm Towson, Francis M. Lewis,* for appellant.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Randall C. Sorenson,* for appellee.