### 67425. LAMB v. BROWN.

CARLEY, Judge.

This case deals with the administration of the estate of Franklin Brown, deceased. The issue raised in the instant appeal is whether Mr. Brown's sister or his ex-wife is entitled to be named as the administratrix of the estate.

At the time of Mr. Brown's death, he was unmarried but was survived by three minor children, two sons and a daughter. The day after Mr. Brown died, his daughter also passed away. Thus, the two sons were left as Mr. Brown's only living heirs-at-law. Appellant, who is Mr. Brown's sister, filed a petition for letters of administration over her brother's estate. The written selection of appellant by one of Mr. Brown's minor sons was offered in support of her petition. Appellee, who is the ex-wife of Mr. Brown and the mother of his two sons, filed a caveat to appellant's petition. In addition, appellee sought to have herself named as administratrix of the estate. Appellee's caveat and petition were accompanied by the written selection of herself to serve as administratrix. Appellee's selection of herself to be administratrix was made in her capacity as the court-appointed guardian of the persons and property of her two living sons by Mr. Brown.

The matter was heard before the probate court. Appellee was

named the administratrix of the estate and appellant's petition was dismissed. Appellant then appealed to the superior court, where judgment on the pleadings was granted in favor of appellee. Appellant now appeals to this court.

1. "Where an intestate is not survived by husband or wife, the next of kin, under the laws of inheritance, is entitled to be appointed administrator, or to select a disinterested person as administrator. [Cit.] Therefore, the legal right of administration was in the minor sons of the deceased. [Cit.] Where minors are the sole heirs, the right of administration, or the right to select an administrator, is in *the guardian of the minors*. [Cits.]" (Emphasis supplied.) *Phillips v. Gladney*, 234 Ga. 399, 400 (216 SE2d 297) (1975).

Accordingly, appellee, as the guardian of the minor heirs, was clearly entitled to the administration of the estate as against appellant who is *only* Mr. Brown's sister. Appellant's petition gained no priority from the fact that it was supported by one of the minor heirs-at-law. The minor sons were under the guardianship of appellee and, as such, the ultimate right of administration was in appellee, not the minors. "If an infant be next of kindred to the deceased intestate, and thus entitled to the administration, *it will be granted to his guardian . . . .*" (Emphasis supplied.) *Watson v. Warnock*, 31 Ga. 694, 697 (1861). See also *Phillips v. Gladney*, supra. "[U]nder the law, the guardian is entitled to the property of his ward, and where such possession is withheld from him, he has the right to sue as such guardian and to recover possession of the ward's property. It is wholly immaterial to the exercise of this right whether the ward consents to such suit or not." *Hughes v. Murphy*, 5 Ga. App. 328, 330 (63 SE 231) (1900). Likewise, appellee, as guardian of the minor children, was entitled to enforce her right to administer the estate to which they were the sole living heirs, regardless of the lack of their formal consent to her exercise of this right or the giving of their "consent" to another.

2. It is of no consequence that, at the time the matter was heard in the superior court, there was apparently a petition pending in the probate court which sought to revoke the letters of guardianship that had previously been granted to appellee as to one of her minor sons. See OCGA § 29-4-4. The sole question before the superior court was who should be named administratrix of the estate and, as noted above, that right of administration was in the guardian of the minor heirs-at-law. Appellee's status as guardian of the minors would in no way be affected by the mere pendency in the probate court of a petition to revoke her guardianship over one of the minors. "[A]fter jurisdiction to appoint a guardian has once been exercised, a new guardian can not be appointed until the letters of the former guardian have been revoked. [Cit.]" *Harrison v. Tonge*, 67 Ga. App. 54, 57 (19 SE2d 535) (1942). The right of administration was in the guardian and,

since appellee's guardianship had not been revoked and no new guardian had been appointed, the superior court had no choice but to grant the letters of administration to appellee when called upon to do so. *Watson v. Warnock,* supra; *Phillips v. Gladney,* supra.

3. Appellant asserts that she was entitled to attack the validity of appellee's letters of guardianship on jurisdictional grounds and that, for this reason, the superior court was thus precluded from granting judgment on the pleadings to appellee on the basis of her status as the guardian of the heirs.

"A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose . . ." OCGA § 9-11-60 (a). See also *Albitus v. Farmers & Merchants Bank,* 159 Ga. App. 406, 409 (283 SE2d 632) (1981). The probate court "is a court of general jurisdiction; and unless want of jurisdiction appears on the face of the record, its judgment can not be collaterally attacked." *Sturtevant v. Robinson,* 133 Ga. 564, 572 (66 SE 890) (1909). Appellant's jurisdictional objections were not predicated upon the face of the order granting appellee guardianship over her two minor sons. Accordingly, appellant raised nothing with regard to the previous grant of guardianship which could properly be made the basis of a collateral attack in the context of the instant superior court proceedings.

4. The face of the pleadings showed that appellee was the duly appointed guardian of the minor heirs-at-law of Mr. Brown and evinced nothing whatsoever to demonstrate that, as such, she was not otherwise entitled to the administration of the estate. Accordingly, the superior court did not err in granting judgment on the pleadings in favor of appellee.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 28, 1984.

*Thomas J. McHugh, Jr.,* for appellant.
*H. Geoffrey Slade, Sr.,* for appellee.